## CARSON v. STATE.
### No. 15005.

Court of Civil Appeals of Texas.
Fort Worth.
Jan. 14, 1949.

Allen, Locke & Kouri and W. Taz Locke, all of Wichita Falls, for appellant.

Ray Martin, James W. McCormick, Jr. and Edwin Luecke, all of Wichita Falls, for appellee.

HALL, Justice.

This is an appeal from an order of the district court of Wichita County refusing the application of appellant, A. D. (Dale) Carson dba 'Cactus Club of Wichita County, for a retail dealer's license to sell beer under Art. 667, sec. 6, Vern.Tex. Penal Code. Such order of the district court sustained the County Judge's order denying appellant's application.

Appellant submits his contention in one point as follows: "The trial court erred in acting arbitrarily, capriciously and without reason in denying to appellant a wine and beer retailer's permit when the undisputed evidence showed him to be qualified under the Texas Liquor Control Act for such permit."

Appellant's application for a permit was contested by the County Attorney of Wichita County, Texas. Many witnesses testified on both sides. The evidence is conflicting in some respects.

Appellant's main contention is that there was insufficient evidence introduced against his application to support a finding of both the County Judge and the District Judge to the effect that the application should be denied for the reasons that the only evidence adduced by contestant consisted of a general nature that the permit should not be granted because appellant's place of business was 1.6 miles outside the city limits of Wichita Falls, Texas, and hence same would become a public nuisance. The Deputy Supervisor of the State Liquor Control Board testified in substance that he contested all permits outside of the city limits; such general testimony was also adduced from Weldon Bailey, a member of the Texas Highway Patrol. The Sheriff of the county also testified that he did not have sufficient force to patrol places where beer was sold outside the city limits. The testimony further shows that only three beer licenses had

been issued in the county outside the city limits since the last beer election in 1946 and two of them were to private clubs.

 We find that such general discrimination against the rural districts is not sufficient evidence to deny a permit. There is other evidence pertaining to appellant and the way and manner he ran his place of business involved herein, which we will now review and consider in determining whether or not at the time such order was entered by the County Judge there then existed sufficient facts to justify the same; that is, we will determine from the evidence adduced in the District Court which is before us whether the order of the County Judge denying the application was or was not without a reasonable foundation in fact, or, to put it another way, in determining whether or not the County Judge's order was reasonably supported by substantial evidence before the District Court relating to the facts and circumstances existing at the time of the County Judge's order. Railroad Commission v. Metro Bus Lines, 144 Tex. 420, 191 S.W.2d 10; Railroad Commission et al. v. Shell Oil Company, Inc., et al., 139 Tex. 66, 161 S.W. 2d 1022.

With the above rule in mind we will now review such testimony in the light most favorable to the judgment. Appellant admitted having plead guilty and paid a fine of $100 for violating the Liquor Control Act in 1946, to-wit, in unlawfully possessing liquor for the purpose of sale in a dry area; that he plead guilty to the offense of aggravated assault in 1945. One of the officers testified that there had been some nine or ten complaints in the last year and a half growing out of trouble between persons in and around the Cactus Club while appellant was manager of same. The exact testimony of the County Attorney on this point is as follows:

"Q. How many complaints have you had out there in the last year or eighteen months? A. I have had about eight or ten.

"Q. Eight or ten complaints in how long? A. The last year and a half. I do not know how long he has been operat-

ing his place but we have had some knock downs and drag outs out there."

We find that the above testimony is sufficient, competent and substantial to support the County Judge's finding and in such case it was the duty of the District Judge to sustain the County Judge's action. State v. Peeler, Tex.Civ.App., 200 S.W.2d 874.

The judgment of the trial court is accordingly affirmed.