### MURPHREE v. BURROUGHS, County Judge.
### No. 2884.

Court of Civil Appeals of Texas. Waco.

Jan. 5, 1950.

Rehearing Denied Feb. 2, 1950.

James E. Faulkner, Coldspring, for appellant.

Robert E. Burroughs, Centerville, Seale & Seale, Centerville, for appellee.

TIREY, Justice.

This is an appeal from an order of the district court of Leon County refusing application of W. C. Murphree for a dealer's license to sell beer under Art. 667, Sec. 6, sub-section "c", Vernon's Ann. Penal Code. The order of the district court sustained the County Judge's order denying the application.

Appellant assails the judgment of the district court on four points and they are substantially to the effect (1) that the undisputed evidence before the County Judge established that Leon County was "wet" and that applicant was entitled to such license as a matter of law; (2) that since the County Judge found that appellant was in all respects qualified to sell beer and because no evidence was tendered in the County Court that Leon County was a "dry" area, and since neither the County Judge nor the district court nor the appellate court judicially know that Leon County, a political subdivision in Texas, is "dry" (nor can they take judicial notice of its "local option" status), that appellant was entitled to his license as a matter of law; (3 and 4) that since the hearing in the district court was restricted to the evidence offered in the original hearing before the County Judge, and since the district court had no authority to consider any evidence or matters not introduced before the County Judge, the district court erred in admitting evidence tendered for the first time tending to show that Leon County was "dry", and it was the duty of the district judge to determine appellant's right to obtain license solely from the pleadings and evidence before the County Judge, and because the only competent evidence tendered in the original hearing or upon appeal to the district court conclusively established that Leon County was "wet", the said court erred in failing to grant appellant's license. Insofar as ap-

pellant's points are pertinent and applicable to the case at bar, we overrule each of appellant's contentions.

Our view is that appellant's position is in irreconcilable conflict with the express provisions of Sections "c", "d" and "e" of Sec. 6, Art. 667, Vernon's Ann. Penal Code, as amended by the 48th Leg.1943, p. 509, sec. 20. Section "c" thereof provides in part: "If upon hearing upon the petition of any applicant for a license the county judge finds the facts stated therein to be true and *has not other lawful reason for denying the application,* he shall enter an order so certifying * * * provided, however, that the Board or Administrator may refuse to issue any such license *if in possession of information* from which it is determined that any statement contained in the application therefor is false, untrue, or misleading, *or that there are other legal reasons why a license should not be* issued. * * *" In section "d" of the same Article we find: " * * * In the granting or withholding of any license to sell beer at retail, the County Judge in forming his conclusions shall give due and proper consideration to any recommendations made by the District or County Attorney or the Sheriff of the County, and the Mayor and Chief of Police of any incorporated city or town wherein the applicant proposes to conduct his business and to any recommendations made by representatives of the Board." Section "e" of the above Article provides in part: "In the event the county judge, the Texas Liquor Control Board or Administrator denied the application for a license, he shall enter his judgment accordingly, and the applicant may within thirty (30) days thereafter appeal to the district court of the county where such application is made, and such district court may hear and determine such appeal in term-time or vacation and under the same rules and procedure as provided in Section 14, of Art. I, of this Act. * * *" Said Section 14 of Art. 1 of the foregoing Act is codified as Art. 666—14, and pertinent to this discussion it provides: "The proceeding on appeal shall be against the Board alone as defendant and the trial shall be de novo under the same rules as ordinary civil suits * * *."

The court in its judgment found substantially (1) that the application was in due form and was heard after notice given in the manner required by law; (2) that all material facts in the original application were true and that applicant was in all respects entitled to such license to sell beer, if it were legal to sell beer in Leon County or Buffalo, Texas; (3) but that Leon County, as a matter of fact and of law, is dry as that term is defined in the Liquor Control Act and the Penal Code of our state, and that at the time of the filing and hearing of said application it was illegal to sell beer anywhere in Leon County, and for this reason alone and no other reason the relief sought by applicant was denied.

We have examined the evidence tendered in the district court and the findings there made are without dispute. As we understand appellant's position, he does not challenge the sufficiency of the evidence tendered in the trial court but says that such court was without authority to hear and consider any evidence tendered other than that which was tendered before the County Judge. We do not so understand the law. The statute is clear and does not admit of such construction. Moreover, appellant's contentions are in direct conflict with the rules of construction announced by our Supreme Court in Railroad Commission v. Shell Oil Co., 139 Tex. 66, 161 S.W.2d 1022, and particularly points 18 and 19, page 1030. Our Courts of Civil Appeals, in construing the foregoing statute, have followed the rules of construction of our Supreme Court in the above case and we are in accord with these views. See State v. Peeler, Tex.Civ.App., 200 S.W.2d 874; Carson v. State, Tex.Civ.App., 216 S.W.2d 836; Texas Liquor Control Board v. Saiz, Tex.Civ.App., 220 S.W.2d 502. See also Ramos v. Austin, Tex.Civ.App., 220 S.W. 2d 528.

It follows that the judgment of the trial court is affirmed.