## SIKES v. TEXAS LIQUOR CONTROL BOARD.

### No. 12315.

Court of Civil Appeals of Texas. Galveston.

July 12, 1951.

Rehearing Denied Oct. 4, 1951.

Dick Young, Houston, for appellant.

Price Daniel, Atty. Gen. of Texas, Joe S. Moore and Clinton Foshee, Asst. Attys. Gen., for appellee.

CODY, Justice.

On the 8th day of February, 1951, appellant filed an original application in the County Court of Harris County, for a retailer's beer license, and the Texas Liquor Control Board was regularly notified there-

of as prescribed by law, and the Board refused to concur in the application but protested it. Thereafter the application was duly set for hearing before the County Court on February 14, 1951. As a result of the hearing the application was denied by the Judge of said court, and appellant appealed the proceedings to the District Court of Harris County. Thereafter, on March 8, 1951, the District Court of Harris County, 133rd Judicial District, conducted a hearing, and rendered judgment that the applicant's "application for a retail beer dealer's license should be in all things denied."

After proper notice of appeal from the judgment of the District Court, in response to appellant's request, the court filed conclusions of fact and law. The conclusions of fact were to the effect, among other things:

(V) That applicant is the owner of twenty acres of land in Harris County, in the San Jacinto River Bottom, and on which there is a small dance pavilion and two small dwelling houses. (VI) That, while applicant testified he intended to use a small dwelling house as the location from which to sell the beer, the application stated beer was to be sold upon the entire premises. (VII) That the tract of land is in a secluded wooded area in the river bottom three or four hundred yards from the highway, the access to which is by a narrow unpaved road. That there is a small lake upon the tract which is used for swimming and fishing, and that patrons will be offered facilities for swimming, fishing, picnicking, as well as beer drinking. (VIII) That the premises are frequented by numerous persons including many adolescents and minors. (IX) "That by reason of the remoteness and inaccessibility of the premises and by reason of the fact that the application would permit the sale of beer anywhere thereon, it would be difficult, if not impossible, to properly control and police."

The findings of fact also states certain specific instances of conduct, which apparently occurred more than two years prior to the filing of the present application, from which the court concluded that the applicant, at least in the matter of selling beer, would have to be kept under closer supervision than was practicable due to the remoteness of the location of the premises. At least, this is our conclusion as to the purpose of the court in citing specific instances of acts on the part of applicant and his wife, the tendency of which was to show a want of sympathy on their part with a strict observance of the liquor law.

The court's conclusions of law included (III) That the location of the premises and the large area over which the application would permit the sale of beer would likely result in jeopardy to the peace, morals, health and safety of the general public. (IV) That the applicant is not a law-abiding citizen within the meaning of the Statutes.

Appellant has predicated his appeal upon 18 points. In substance, appellant's points assert that the court's findings of fact in support of its judgment, sustaining the County Judge's denial of the application, is based upon insufficient, inadmissible, and incompetent evidence. We must overrule the points.

Here the County Judge refused appellant's application for a retailer's license to sell beer. In this procedure the County Judge acted in an administrative, not in a judicial capacity. The correctness of his order, where he refuses an application, is to be tested in the district court by a trial de novo before the judge without a jury by the application of the substantial evidence rule. If the district court finds from the evidence introduced in the trial de novo that the order refusing an application is reasonably supported by substantial evidence, such order must be sustained. It is the duty of the district court, and on appeal, of this Court, "to determine as a matter of law the reasonableness of the support afforded by substantial evidence, and in making its decision of this question the court examines and takes into consideration all of the evidence." Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198, 202.

■ Article 666–14, Vernon's Annotated Penal Code, provides "The proceeding on appeal shall be against the Board alone as defendant and the trial shall be de novo under the same rules as ordinary civil suits, with the following exceptions * *." There are no exceptions which modify the rules of evidence, so that the ordinary rules as to admissibility or competency of evidence applies. See Murphree v. Burroughs, Tex.Civ.App., 226 S.W.2d 509, writ refused.

■ Appellant here urges, among other things, that no objection was raised before the county judge as to the description of the premises where appellant was to sell beer; had there been, the description in the application could have there been amended, and therefore it was incompetent for the district court to consider that the application described the premises where the beer was to be sold as throughout the twenty acre tract. There seems to have been no record made of the evidence produced before the county judge. But in any case the district court is not concerned with the evidence which was introduced before the county judge. This, because the trial is de novo in the district court, and the district judge's duty is to determine under the test of the substantial evidence rule whether the evidence produced in the district court sustained the county judge's refusal.

■ Appellant also complains that the district court received evidence of violations of the liquor law by appellant and his wife (who resided with him on the premises) which occurred more than two years prior to the date of his application. The law requires that an applicant for a license must show on his application that he is a law-abiding, taxpaying citizen, and that he has not been convicted of a felony within two years prior to filing his application. We do not understand that under the provisions of the law, just referred to, that in determining whether an applicant is a law-abiding citizen no evidence bearing thereon can be considered except evidence that the applicant has been convicted of a felony within two years of making his application. Art. 667–5, Vernon's Tex. Penal Code.

■ Furthermore, upon the hearing on the application, the county judge is authorized to refuse it, even though the applicant's answers on the application are found to be true if he has other lawful reason for denying the application. Art. 667–6, Vernon's Tex. Penal Code. It is expressly made an independent ground for the county judge to refuse to grant a license "when he has reason to believe that the applicant will conduct his business of selling beer at retail in a manner contrary to law or in any place or manner conducive to the violation of the law, or likely to result in any jeopardy to the peace, morals, health, or safety of the general public." Id. Under this provision of law it was competent for the court to admit evidence of the facts which he found, and such findings were ample to support the judgment appealed from.

Judgment affirmed.