## TEXAS LIQUOR CONTROL BOARD v. METCALFE.

### No. 14609.

Court of Civil Appeals of Texas. Dallas. Jan. 16, 1953.

Rehearing Denied Feb. 13, 1953.

Price Daniel, Atty. Gen. and V. F. Taylor, Asst. Atty. Gen., for appellant.

Grady Niblo and Austin S. Dodd, both of Dallas, for appellee.

DIXON, Chief Justice.

This is an appeal from a judgment of a District Court setting aside an order of the Texas Liquor Control Board refusing a license to appellee Metcalfe to sell beer at premises known as 8014 Harry Hines Boulevard, Dallas County, Texas.

In his order of April 28, 1952, refusing the license the administrator found the true facts to be: (1) That the manner in which applicant may conduct his business is of such a nature which based on the general welfare, health, peace, morals and safety of the people, and on the public sense of decency, warrants a refusal of the license; (2) that the applicant is not of good moral character; and (3) that his reputation for being a peaceable, law-abiding citizen is bad.

Appellee as plaintiff in due time filed his appeal in the District Court praying that the Board's order of refusal be set aside and that the Court direct the Board to issue the permit.

At the trial in District Court on May 15, 1952, a transcript of the proceedings before the Board on April 28, 1952, was introduced in evidence without objection. This transcript showed two affidavits by G. D. Gandy, a detective with the Dallas Police Department. The first affidavit, dated April 8, 1952, set out the police record of appellee. This record reveals that between April 29, 1946 and August 21, 1947, he had been convicted 29 times in the Dallas Corpora-tion Court and had paid fines totaling $2,-750 for operating as a "bookie,"—that is, for taking bets on horse races; that on August 25, 1948, he had been found not guilty on a similar charge; and that as to still another similar charge filed August 23, 1948, there was a notation "No disposition." The police record further shows that on September 13, 1950, appellee was convicted of violating Article 631 of the Penal Code (Entering Gambling House) and paid a fine of $10. The second affidavit of Detective Gandy dated April 25, 1952, stated that affiant had known appellee for several years, that he "is not of good moral character and his reputation for being a law-abiding citizen is bad."

The transcript shows that appellee was present in person before the Board and testified at the hearing on April 28, 1952. He admitted paying the fines listed above, but said that he considered that by paying them he had obtained a sort of a license to operate as a "bookie." He made no explanation of the fine of $10 on September 13, 1950, for violating Art. 631, P.C., nor did he offer any evidence to refute the affidavit as to his bad reputation.

Appellee was present and was the only witness in his behalf at the trial in the District Court. He again admitted paying the fines listed in the affidavit, and for the first time explained his presence in the gambling house on September 13, 1950, by saying that he went there merely to cash a check and happened to get caught in a police raid. He also testified that while he and a partner were operating a restaurant on Herald Square in 1951 their beer license had been suspended for three days because they paid a wholesale beer dealer with a customer's check on which the bank refused payment. He had made the check good. His further testimony was to the effect that he had not been in any other trouble, and that he considered himself as good a person now as he was at the time the Liquor Control Board granted him a beer permit for his Herald Square restaurant in 1951. No evidence was offered in appellee's behalf to contradict the affidavit of April 25, 1952, that his reputation was bad.

The District Court rendered judgment May 15, 1952, setting aside the Liquor Board's order and directed the Board to issue a license to appellee. The Court made findings to the effect (1) that no evidence of probative force had been offered in opposition to the application of appellee; (2) that the two affidavits showing fines paid are too remote in time to shed any light upon conditions now existing or upon the facts as found by the Board; and (3) that the action of the Board in denying appellee a beer license was arbitrary and capricious.

On May 22, 1952, in compliance with the Court's final judgment the Board issued a beer license to appellee which by its terms is to expire one year from its issue date.

■■■ Appellee has filed a motion contending that the action of the Board in issuing the license has rendered moot the questions raised by appellant, hence this appeal should be dismissed. We overrule this contention. Art. 666–14, subd. d, Penal Code, provides: " * * * the final judgment of the District Court shall not be modified or suspended pending appeal." It was therefore proper for the Board to obey the judgment of the Court by issuing the license, though it later perfected this appeal. The license in question does not expire until May 22, 1953. The cause would be moot only if the time for which the license was issued had expired. Texas Liquor Control Board v. Warfield, Tex.Civ.App., 123 S.W. 2d 979, and not even then if action on the appeal would have a bearing on a future application. Isbell v. Brown, Tex.Civ.App., 196 S.W.2d 691; Texas Liquor Control Board v. Blacher, Tex.Civ.App., 115 S.W. 2d 1030.

Appellant's main points are that the trial Court erred in finding the Board's action was arbitrary and capricious and that there was no evidence of probative force to support the Board's order; and further that the Court erred in failing to apply the best evidence rule in arriving at its judgment.

■■■ On appeals from orders of the Liquor Control Board it is the duty of the District Court and it is our duty to apply the substantial evidence rule. This rule contemplates only a limited review of the Board's action. The finding of the Board will be sustained by the Court if it is reasonably supported by substantial evidence, meaning evidence introduced in the District Court. Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198; Sikes v. Texas Liquor Control Board, Tex.Civ.App., 243 S.W.2d 395.

■■■ Applying this test, we believe that there was substantial evidence introduced in the trial Court which reasonably supported the order of the Liquor Board. The transcript of the proceedings before the Board was introduced in evidence in the District Court without objection. Appellee himself testified in the District Court and admitted the truth of the convictions and fines shown in the transcript. He did not deny other statements in the transcript offered in opposition to his application.

■■■ In our opinion the facts as developed in the evidence before the District Court were not too remote in time to be considered, though some of them took place more than two years prior to the filing of appellee's application. Sikes v. Texas Liquor Control Board, Tex.Civ.App., 243 S.W. 2d 395.

We sustain appellant's points on appeal. The judgment of the trial Court will be reversed and here rendered in favor of appellant, who was defendant in the trial Court, that appellee, who was plaintiff, take nothing.

Reversed and rendered.

### On Rehearing.

Appellee in his motion for rehearing complains that our opinion creates a variance with the opinion of another Court of Civil Appeals in the case of Texas Liquor Control Board v. Saiz, 220 S.W.2d 502. Our opinion is indeed contrary to that in the case named by appellee. But the holding in Texas Liquor Control Board v. Saiz has been expressly disapproved by the Supreme Court in Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198, at page 201. We believe our opinion is in conformity with the Supreme Court case.

Motion for rehearing overruled.