Earl **KILLINGSWORTH** et al., Appellants,

v.

G. W. **BROYLES** et al., Appellees.

No. 10458.

Court of Civil Appeals of Texas.

Austin.

Feb. 27, 1957.

Clyde Vinson, E. E. Murphy, San Angelo, for appellants.

Runge, Hardeman, Smith & Foy, William I. Marshall, Jr., San Angelo, for appellees.

ARCHER, Chief Justice.

Appellees, G. W. Broyles and L. M. Tumlinson, made application for Retail Dealer's Off-Premises License for sale of beer at 2212 West Avenue N, San Angelo, Tom Green County, Texas. Appellants, Earl Killingsworth and others, filed contest. The County Judge denied the application and appellees appealed the decision to the 119th District Court of Tom Green County, and after hearing the District Court granted the application, from which order of the court appellants make this appeal.

Appellants assign as error the action of the court in setting aside the order of the County Court denying the application of appellees for a Retail Dealer's Off-Premises License for sale of beer at 2212 West Avenue N, San Angelo, Texas, and in granting appellees such license.

Appellants take the position that the court had no authority under the law to grant the application because the issues were res adjudicata; and that the evidence does not show that the order of the County Judge refusing the application for Off-Premises License for sale of beer was not reasonably supported by substantial evidence; and that the court erred in sustaining the motion of appellees to dismiss the contest of appellants because no bond for costs had been filed in the County Court.

Appellees' first applied for Beer Retailer's Off-Premises License at 2212 West Avenue N, City of San Angelo, Texas, on April 2, 1956. Appellants filed a contest of such application on April 9, 1956. A hearing was had on the application and the contest thereof and the application was refused. No appeal was taken.

On May 12, 1956, appellees filed this, a second, application for Beer Retailer's Off-Premises License at 2212 West Avenue N, City of San Angelo, Texas. Appellants filed a contest to such application, with motion alleging such matter was res adjudicata by reason of the order of April 9, 1956, and after a hearing appellants' motion was sustained and the second application was refused.

Appellees appealed and gave bond to the District Court on May 19, 1956.

Appellants made a motion to dismiss the appeal for the reason that the matter was res adjudicata and on hearing the motion was overruled.

■ We believe that the District Court was justified in overruling the motion to dismiss the appeal, since the doctrine of res adjudicata is not applicable in an ad-ministrative decision as was presented in this cause.

■ There is a distinction between judicial process and the administrative process, which, in general, precludes the application of the doctrine of res adjudicata to administrative proceedings. In judicial proceedings courts apply law to past facts which remain static and on the other hand administrative bodies are concerned with fluid facts and changing policies.

Churchill Tabernacle v. F. C. C., 81 U.S. App.D.C. 411, 160 F.2d 244; Magnolia Petroleum Co. v. New Process Production Co., 129 Tex. 617, 104 S.W.2d 1106; Gulf Land Co. v. Atlantic Refining Co., 134 Tex. 59, 131 S.W.2d 73; 1 Tex.Jur.Supp., Administrative Law, Sec. 33, p. 116.

The County Judge was acting solely in an administrative capacity in ruling on the application for a Retail Off-Premises Beer permit.

Ramos v. Austin, Tex.Civ.App., 220 S.W. 2d 528; State v. Bush, 151 Tex. 606, 253 S.W.2d 269; Sikes v. Texas Liquor Control Board, Tex.Civ.App., 243 S.W.2d 395.

Appellees contend that Article 667–6(b) of the Penal Code precludes a contest of the application because no security for costs was given by the contestant in the County Court.

In view of our disposition of this case it is unnecessary to consider this counterpoint since there was a trial had in the District Court.

■ We believe that the District Court properly concluded that no factual, reasonable basis existed for the denial of the application for a Retail Off-Premises Beer permit.

The applicants, appellees herein, made an application for a Retail Off-Premises Beer permit, the sufficiency of which including the qualification of the application and the adequacy of the building is not in dispute.

The building is a modern drive-in grocery set back on the lot located at 2212 West Avenue N on a highway by-pass connecting the San Antonio and El Paso highways.

San Angelo College is located five blocks west of this location and the Del Mar Baptist Church is located 148 feet from the drive-in. There are various other businesses located up and down Avenue N, including two other drive-in grocery stores which have Off-Premises Beer permits, one of which is within one and a half blocks of the applicant's store and within 310 feet of the church. The other drive-in is across the street from a Catholic Church, also on Avenue N.

Applicant Broyles testified that a large percentage of grocery stores have Off-Premises Retail Beer permits, and that he has frequent requests for such sales and that it is necessary to have such a permit to stay in business. That beer is not sold in church hours.

The City of San Angelo has issued a permit to use the premises for the retail of beer for off-premises consumption. This permit would not authorize sale until a permit had been properly granted but was introduced to show compliance with the City Ordinances and that the location was in a "wet area."

There was testimony given by witnesses for contestants that the granting of the application would jeopardize the morals, health, safety and welfare of the community.

R. M. Caveness, President of San Angelo College, testified that the college campus extended for two and a half blocks on Avenue N, beginning about the 2400½ block through 2600, and that he lived at 2661 West Avenue N. That approximately 580 students, boys and girls, were enrolled, with ages of from 17 to 23 years old. The witness testified that the sale of beer at a place near the campus would jeopardize the morals and comfort of the public, and be detrimental to the college. On cross examination the witness testified that he was opposed to liquor in any form and that he was acquainted with Matthewson's Grocery where beer is sold. Petitions opposed to the permit, signed by many people, as well as petitions in favor of the permit signed by many people were introduced by the respective parties.

Earl Killingsworth testified that he was Pastor of the Del Mar Baptist Church which had a membership of 200, and as to the activities of the church and that in his opinion the granting of the permit would be detrimental and jeopardize the morals, safety and welfare of the public including the membership of his church, and that he was opposed to drinking. That the sale of beer would be a mighty bad influence on the college morals.

On cross examination the witness testified that he knew of the Matthewson Grocery Store where beer was sold.

Mrs. Lilly Martin testified that her home was on Avenue N across the street from the Baptist Church, where she attended services and that she believed the granting of the beer permit would be detrimental to the morals, safety and health of the church public.

Morris Ellis Cotton testified in similar manner to the other witnesses.

■ The District Court in a trial de novo is not bound with the evidence which was introduced before the County Judge and can consider evidence not heard by the County Court.

Sikes v. Texas Liquor Control Board, supra; Murphree v. Burroughs, Tex.Civ. App., 226 S.W.2d 509.

■ The substantial evidence rule requires that all the evidence must be considered to see if the action of the administrative body was arbitrary or whether it is reasonably supported by substantial evidence.

Jones v. Marsh, 148 Tex. 362, 224 S.W. 2d 198.

There are certain limitations imposed on the County Court by the substantial evidence rule and are stated in State v. Peeler, Tex.Civ.App., 200 S.W.2d 874, 879, as:

> "The county judge cannot discriminate between parties upon equal footing, even though the Act rightfully gives the county judge wide latitude and discretion in making his ruling, yet the order cannot discriminate against an applicant unless there is reasonable basis for it. In order to deny a license, there must be some factual basis to show an unusual condition, in substance such as set out in Section 19(b) of art. 667, Penal Code, as well as the failure of the applicant to meet any one of the requirements as set out in the Act."

As has been stated, this application is for an Off-Premises license to sell beer to be consumed away from the premises, and is different from a permit to sell beer for consumption on the premises, such as a tavern. Except for a sign stating "Beer" there would be nothing to indicate that the grocery store is anything else.

The sale of beer has been legalized and the City has approved the location.

There being another establishment, with a permit to sell beer for Off-Premises in the vicinity of appellee's location, it would be a discrimation to deny appellee's application and no basis upon which to deny the application.

Carson v. State, Tex.Civ.App., 216 S.W. 2d 836.

The duty of judging the credibility of witnesses is still incumbent on the District Court, even though circumscribed by the substantial evidence rule and the findings of fact by the County Judge are not binding on the District Court unless it first believes them to be true, and all the evidence must be considered.

Texas Liquor Control Board v. Saiz, Tex.Civ.App., 220 S.W.2d 502; State v. Peeler, supra.

The judgment of the Trial Court is affirmed.

Affirmed.