**TEXAS LIQUOR CONTROL BOARD,**
**Appellant,**

v.

**Lola Mae CHAMPION, Appellee.**

No. 13623.

Court of Civil Appeals of Texas.
San Antonio.
June 15, 1960.

Will Wilson, Atty. Gen., John L. Estes, Asst. Atty. Gen., for appellant.

Knopp & Berry, San Antonio, for appellee.

BARROW, Justice.

The Texas Liquor Control Board on November 5, 1959, made and entered an order cancelling the Beer Retail on Premise, license or permit No. 180,111, issued to Lola Mae Champion, covering premises situated in San Antonio, Bexar County, Texas, operated under the trade name of Champion's Bar. Lola Mae Champion appealed to the District Court and, after hearing evidence, the court rendered judgment holding void the order of the Board cancelling the permit. The Board has appealed.

The only question presented for decision is whether or not the order of the Board is

supported by substantial evidence. The charge brought against appellee, Lola Mae Champion, is that on October 23, 1959, there occurred a breach of the peace, to-wit, an assault on W. P. Wilson by Loy Champion and Bill Baker. Said assault is alleged to have occurred at the licensed premises and was the result of improper supervision. That it was not beyond the control of the licensee. The charge was brought under § 21, Article 667, Vernon's Penal Code, which reads as follows:

"The Board or Administrator shall have the power and authority to suspend for a length of time not exceeding thirty (30) days the license of any retail beer dealer upon ascertaining that any act constituting a breach of the peace has occurred upon the premises covered by the license of such retail dealer or under his control, and at the expiration of the date to which such license has been suspended the Board or Administrator shall cancel the license unless it shall have been shown to the satisfaction of the Board or Administrator that the act was beyond the control of the person holding the license and did not result from improper supervision by the licensee of the conduct of persons permitted by him to be on the licensed premises or premises under his control."

The following facts are undisputed: On October 23, 1959, at about 11:20 p. m., Inspector W. P. Wilson of the Liquor Control Board, four other inspectors and five deputy sheriffs went to appellee's place of business. A dance, with music furnished by an orchestra, was in progress, about one hundred people were present. Inspector Wilson arrested one man for drunkenness. There was no disturbance of any kind on the premises. Then Wilson saw three boys watching the dancing. They were appellee's boys, twelve, fourteen and fifteen years of age. Wilson approached appellee and asked her about allowing "juveniles" in the place. She told him they were her boys and had a right to be there. Wilson testi-

fied that she became belligerent and began hollering. Her husband, Loy Champion, came over to where they were talking, and they kept talking very loud and belligerent, and Wilson told them "if they didn't quieten down" he was going to put them in jail. Champion said "I'm not getting smart or talking loud." Wilson then said Champion doubled up his fists, and knowing that Champion had beat up a special officer, he swung at Champion but missed. Champion testified that the swing did not miss, but hit him in the mouth and loosened two of his teeth. Champion denied that he swung at Wilson at all. It is undisputed that after the swing or swings, both Wilson and Inspector Longoria caught and held Champion. During this time, Bill Baker came up and struck Inspector Wilson on the head. Both Champion and Baker were arrested and taken to jail. Champion was released on bail.

The question presented here is, Was the charge against appellee, Lola Mae Champion, supported by substantial evidence? In answering that question, three other questions must be answered: (1) Did Champion and Baker commit an assault upon Wilson? (2) Was this act, or were these acts, beyond the control of Lola Mae Champion? (3) Did the act or acts result from improper supervision by her of the conduct of persons permitted to be on the premises? We think all these questions must be answered in the negative.

The Supreme Court in Railroad Commission v. Shell Oil Co., 139 Tex. 66, 161 S.W.2d 1022, 1029, has laid down the rule to be followed in determining what constitutes substantial evidence, as follows:

"* * * it is generally recognized that where the order of the agency under attack involves the exercise of the sound judgment and discretion of the agency in a matter committed to it by the Legislature, the court will sustain the order if the action of the agency in reaching such conclusion is reasonably supported by substantial evidence. This does not mean that a

■ ▬▬▬▬▬▬▬

mere scintilla of evidence will suffice, nor does it mean that the court is bound to select the testimony of one side, with absolute blindness to that introduced by the other. After all, the court is to render justice in the case. The record is to be considered as a whole, and it is for the court to determine what constitutes substantial evidence. The court is not to substitute its discretion for that committed to the agency by the Legislature, but is to sustain the agency if it is reasonably supported by substantial evidence before the court. If the evidence as a whole is such that reasonable minds could not have reached the conclusion that the agency must have reached in order to justify its action, then the order must be set aside."

While there are some conflicts in the testimony, it is undisputed that all was peaceful and tranquil until the arrival of these ten armed officers and for some time thereafter. If there was any violation of the Texas Liquor Control Act, it has not been made the basis of any action taken by the Board, or the basis of the charge against appellee. A breach of the peace occurred when Inspector Wilson assaulted Champion. That was the first act of violence, and even if it be conceded that Baker assaulted Inspector Wilson, the fight started by Wilson was already in progress. If Champion's retaliation amounted to an assault, then we come to the last two questions. When the evidence is considered as a whole, particularly the facts which are undisputed, the conclusion must be that the breach of the peace or the assaults were not within the control of Lola Mae Champion, and that the situation was not the result of improper supervision on her part, when the evidence shows that ten armed officers were present and had assumed control and supervision of the premises, and in so doing brought about the situation complained of. Therefore, the conclusion is inescapable that the order of the Board is not supported by substantial evidence.

The judgment is affirmed.