**TEXAS LIQUOR CONTROL BOARD, Appellant,**

v.

**Leonard LUKE, Appellee.**

No. 6368.

Court of Civil Appeals of Texas.

Beaumont.

Nov. 3, 1960.

Will Wilson, Atty. Gen., Jot Hodges, Jr., Asst. Atty. Gen., for appellant.

Darden & Fowler, Conroe, for appellee.

ANDERSON, Chief Justice.

After notice and hearing, the Texas Liquor Control Board canceled Leonard Luke's on-premises license to retail beer in Montgomery County. The Board charged and found, as grounds for cancellation, that on June 13, 1959, there occurred on the premises covered by the license "a breach of the peace, to-wit: an assault with a deadly weapon, to-wit: a gun, on Ed Scott, Jr., by Johnnie Luke, which was not beyond the control of the licensee and was the result of improper supervision." Leonard Luke appealed from the order of cancellation by filing suit against the Board, in the district court of Montgomery County, to have the order vacated. The district court vacated the order, and the Board appealed.

The trial court found or concluded that the Liquor Control Board "acted unreasonably, arbitrarily and capriciously in making its order." It is also concluded that the Board's order was illegal because, in the court's opinion, the Board failed to comply with Article 667–21 of Vernon's Ann.Penal Code, in that it did not suspend appellee's license before canceling it, and gave appellee less than thirty days' notice of the hearing at which the order of cancellation was made.

Appellant has brought forward only two points: 1) "The Court erred in holding that the licensee, Leonard Luke, had discharged his burden of proof in showing that the

order of the Texas Liquor Control Board was not supported by substantial evidence or was arbitrary, capricious or illegal." 2) "The Court erred in reversing the order of the Texas Liquor Control Board canceling Appellee's Beer Retailer's On-premises License."

We are of the opinion that neither point presents error.

■ In so concluding, we have acted under these concepts as to the law of the case: 1) The substantial evidence rule must be applied in reviewing the fact findings of the Liquor Control Board. Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198, 201. 2) The evidence that was introduced in court, not that which was before the Board, is the evidence to be looked to in determining whether or not there is or was substantial evidence affording reasonable support for the Board's order of cancellation. Jones v. Marsh, supra; Railroad Commission v. Shell Oil Co., 139 Tex. 66, 161 S.W.2d 1022, 1028-30; Sikes v. Texas Liquor Control Board, Tex.Civ.App., 243 S.W.2d 395; Killingsworth v. Broyles, Tex.Civ.App., 300 S.W.2d 164; Texas Liquor Control Board v. Johnson, Tex.Civ.App., 298 S.W.2d 227. 3) In order to avail himself thereof, appellee was under the burden of proving that the Board's order was not reasonably supported by substantial evidence. Texas Liquor Control Board v. Marine Exchange Social Club, Tex.Civ.App., 127 S.W.2d 967; Texas Liquor Control Board v. McGee, Tex.Civ.App., 314 S.W.2d 678. 4) In order to discharge his burden of proof or to show that he was entitled to have the cancellation order set aside, it was not necessary for appellee to prove that no aspect of the Board's charge against him was reasonably supported by substantial evidence; it was sufficient if he proved that there was no substantial evidence affording reasonable support for the Board's finding that the alleged breach of peace was not beyond his control and resulted from improper supervision. Article 667–21, Vernon's Ann.Penal Code.

■ We are of the opinion that, on the court evidence, the trial court was justified in concluding that the Board's order of cancellation was not reasonably supported by substantial evidence. We express no opinion on the other aspect of the case.

The Liquor Control Board neither introduced nor tendered evidence in the court below. The evidence appellee introduced is without substantial conflict and is sufficient we believe, to support the conclusion that there was no substantial evidence affording reasonable support for the Liquor Control Board's finding that the acts by which Johnnie Luke is alleged to have breached the peace on appellee's premises were not beyond appellee's control and were the result of improper supervision. Or, if Article 667–21, Vernon's Ann.P.C., calls for a different quantum of proof, we deem the evidence sufficient to support a finding or conclusion that Johnnie Luke's said acts were beyond appellee's control and not the result of improper supervision by appellee of the conduct of persons permitted by him to be on the licensed premises. It shows, for example, that the shooting that is the basis of complaint took place outside appellee's cafe while appellee was inside the building and in no position to control any participant. There is no evidence to show that appellee knew before the shooting or had reason to anticipate that trouble was brewing, and it is to be inferred from his testimony that he did not. He knew that some thirty minutes earlier Johnnie Luke, one of his employees, had requested or ordered Ed Scott, Jr., to leave the cafe and had escorted or followed him to the door, but does not appear to have known that Scott and his companions had either remained in or returned to the vicinity of the cafe. Nor did he know prior to the shooting that Johnnie Luke was outside the cafe or was armed. Nothing had occurred to put him on notice that his own presence outside the cafe was advisable. The mere fact that it was one of his own employees who is alleged to have breached the peace does not, in our opinion, amount to sub-

stantial evidence reasonably showing that the acts of such employee were the result of improper supervision by appellee, the licensee.

 Appellant seeks on appeal to avail itself of the evidence that was before it at the administrative hearing, but such evidence, although introduced by appellee as a part of the court evidence, is not subject to the use appellant would make of it. It was admitted into court evidence for only a limited purpose and is subject to consideration for only that purpose. Texas Liquor Control Board v. Taylor, Tex.Civ. App., 338 S.W.2d 321. The trial court expressly ruled that the evidence was not being admitted to prove any of the things it might tend to prove.

The judgment of the trial court is affirmed.