**TEXAS LIQUOR CONTROL BOARD,**
Appellant,

v.

**Pete RODRIGUEZ, d/b/a Las Palmas Club,**
Appellee.

No. 14046.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 2, 1963.

Rehearing Denied Jan. 30, 1963.

trol Bd. v. Luke, supra; Texas Liquor Control Bd. v. Armstrong, Tex.Civ.App., 300 S.W.2d 146, writ ref.

Will Wilson, Irwin R. Salmanson, Norman Suarez, Austin, for appellant.

Pat Maloney, San Antonio, for appellee.

BARROW, Justice.

■ This is an appeal from a judgment of the district court setting aside the order of the assistant administrator of the Texas Liquor Control Board cancelling appellee's license as a beer retailer on premises. The only issue presented is whether the order of the assistant administrator is reasonably supported by substantial evidence. Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198; Texas Liquor Control Bd. v. Luke, Tex. Civ.App., 340 S.W.2d 504, wr. ref.

■ The rules to be applied to determine this issue are now well settled. The record is to be considered as a whole and involves a question of the law. The burden of proof is upon the licensee to show that there was not substantial evidence affording reasonable support for the administrator's order of cancellation. In applying the substantial evidence rule, it is not the province of the court to substitute itself for the administrator in determining the wisdom and advisability of the particular order in question. The reviewing court will sustain the action of the administrator so long as his conclusions are reasonably supported by substantial evidence. The reviewing court should view all the evidence, and if there be only a scintilla of evidence the order should be reversed. Because the preponderance of the evidence is against the finding is not grounds to reverse the order of the administrator. The substantial evidence rule does not require the evidence in support of the order to be full and satisfactory. Railroad Commission of Texas v. Manziel, Tex., 361 S.W.2d 560; Railroad Commission v. Shell Oil Company, 139 Tex. 66, 161 S.W.2d 1022; Texas Liquor Con-

To apply these rules it is necessary to review the pertinent facts. On March 27, 1962, at about 11:00 p. m. a fatal shooting occurred on the premises of the Las Palmas Club, which was operated by Rodriguez. After notice and hearing, the assistant administrator ordered the license cancelled under authority of Art. 667–21, Vernon's Penal Code, which provides:

"The Board or Administrator shall have the power and authority to suspend for a length of time not exceeding thirty (30) days the license of any retail beer dealer upon ascertaining that any act constituting a breach of the peace has occurred upon the premises covered by the license of such retail dealer or under his control, and at the expiration of the date to which such license has been suspended the Board or Administrator shall cancel the license unless it shall have been shown to the satisfaction of the Board or Administrator that the act was beyond the control of the person holding the license and did not result from improper supervision by the licensee of the conduct of persons permitted by him to be on the licensed premises or premises under his control."

Rodriguez had operated the Las Palmas Club, which was a bar and pool hall, for six or seven years prior to the shooting. The evidence is undisputed that, although this business was in a trouble area of the city, appellee's business had a good reputation prior to this incident. At the time of the shooting, and for at least an hour prior thereto, the business was in the sole charge of a nineteen-year-old bar maid with only a month's experience. Appellee had a sore throat and was in his home about 150 to 180 feet from the premises. He was partially dressed and asleep in front of the TV set. About ten minutes before the fatal shooting, the deceased, David Gomez, and

his assailant, Alfredo Cerda, had an argument and Gomez struck Cerda in the face and knocked him down. Following this altercation, Cerda left the premises and later returned with a gun. He shot Gomez and accidentally wounded another patron. Although she saw the fight, the young bar maid did not call Rodriguez or the police, and, in fact, did nothing to try to avoid further trouble. Rodriguez was not notified until after the shooting, at which time he disarmed Cerda and then carried Gomez out of his establishment and was closing same when the police arrived. Gomez was found dead on the sidewalk by the police, about fifteen or twenty feet outside the premises. This was on a Tuesday and there were only ten or fifteen male patrons in the bar at the time. Appellee asserts that no one could have anticipated this shooting. He testified, however, that after he had disarmed Cerda, but before he knew of any shooting, he started to close the place to avoid someone coming back and continuing the fight. An experienced manager could see the danger signs in the fight between Cerda and Gomez and would take steps to avoid further difficulty.

■ The conclusion of the assistant administrator is, therefore, reasonable that there was improper supervision of the licensed premises in having an inexperienced nineteen-year-old bar maid in charge of the premises, and that the breach of the peace was not beyond the control of the licensee or his employee, and was the result of this lack of supervision. Art. 667–1(e), Vernon's Penal Code; Texas Liquor Control Bd. v. McGee, Tex.Civ.App., 314 S.W.2d 678, writ ref., n. r. e. This case is distinguishable from Texas Liquor Control Board v. Luke, Tex.Civ.App., 340 S.W.2d 504, writ ref., where the Board did not introduce any evidence, and the record was undisputed that the licensee had no intimation that an employee had left the premises and would shoot a man outside the premises. Texas Liquor Control Bd. v. Champion, Tex.Civ.App., 336 S.W.2d 918, no writ history, is not in point in that the breach of peace occurred there while the premises were under the control of a peace officer.

The judgment of the trial court is reversed and here rendered affirming the order of the assistant administrator of the Texas Liquor Control Board.