Ernest S. Goens, State's Atty., of Austin, for the State.

DAVIDSON, Judge.

This is a conviction for unlawfully carrying a pistol; the punishment, a fine of $100.

The complaint alleged that the offense was committed on or about the 8th day of August, 1942. The information, based upon the complaint, alleged that the offense was committed on or about the 10th day of August, 1942.

A variance between the complaint and the information as to the date when the offense was committed is fatal to the validity of the information. Branch's P. C., sec. 453; Bayless v. State, 136 Tex.Cr.R. 1, 123 S.W.2d 354.

Appellant's attack upon the information, because of the variance mentioned, should have been sustained.

The judgment of conviction is reversed and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ROBINSON v. CITY OF DALLAS.

### No. 9543.

Court of Civil Appeals of Texas. Austin.

April 3, 1946.

Rehearing Denied April 17, 1946.

J. Manuel Hoppenstein, of Dallas, for appellant.

H. P. Kucera, City Atty., and A. J. Thuss, Asst. City Atty., both of Dallas, for appellee.

McCLENDON, Justice.

Nathan Robinson sued the City of Dallas to enjoin it from canceling a liquor package store permit the city had issued to him, and for a judgment declaratory of his rights under the City's Ordinance No. 3373, prohibiting permits to establishments within 300 feet of a church, and prescribing the method for measuring the 300 feet. The trial was to the court upon an agreed

statement of facts, and the judgment was in favor of the city. Robinson has appealed.

Robinson's brief states that the sole issue for determination is the correct method of measurement under the ordinance, the pertinent part of which reads: "No license or permit of any kind provided for under this ordinance shall be issued to any dealer * * * where the place of business of any such dealer is within 300 feet of any church, * * * measurements to be made along the property line of street fronts, and from front door to front door, and in a direct line across intersections (streets) where they occur; * * *."

The situation and the respective methods of measurement contended for is shown by the following tracing of a blue print map attached to the agreed statement:

Robinson operates a drug store under the name of Forest Avenue Pharmacy in a brick building at the corner of Forest and Oakland Avenues.

The church fronts on the west side of Oakland Avenue, which is 60 ft. wide between property lines. Its front door is 15 ft. E of the property line. The package store is in the above brick building abutting on the west property line of Oakland Avenue, its north wall being 15 ft. S of the S property line of Forest Avenue, which intersects Oakland Avenue at right angles. The 15-foot space between the N wall of the package store and the S property line of Forest Avenue is vacant. The front door of the package store is in the N wall of the building 15 ft. S of the south property line of Forest Avenue, and 21 ft. 6 in. W of the west property line of Oak-

land Avenue; and appears to be readily accessible from either Forest Avenue to the N or Oakland Avenue to the E. Robinson contends for the following method of measurement: Begin at the 'church door; thence 15 ft. to E line of O. Ave.; thence N along said line 202 ft. to S line of F. Ave.; thence west 81 ft. 6 in., crossing O. Ave. to a point on its F. Ave. S property line opposite package store door; thence S 15 ft. to said door; in all (15+202+81.5+15) 313.5 ft. The City's measurement follows: Begin at church door; thence W 15 ft. to E. line of O. Ave.; thence continuing W 60 ft. to its W property line; thence N along said line 187 ft. to N. E. corner package store building; thence W 21 ft. 6 in. to its door; in all (15+60+187+21.5) 283.5 ft.

The ordinance appears to have been construed in only two cases, neither of which has direct bearing upon the issue at bar. Hallum v. Liquor Board, Tex.Civ. App., 166 S.W.2d 175 (error ref.); Stubbs v. Texas Liquor Control Board, Tex.Civ. App., 166 S.W.2d 178 (error ref. W. M.). The holding in the Hallum case was that at street intersections the crossing should be diagonally instead of crossing each street at right angles. That in the Stubbs case was that a church might have more than one front door, and that a Sunday School door constituted a front door. No other authority is cited by either party having any bearing upon the present issue.

We uphold the city's contention as the only reasonable construction of the ordinance. In its last analysis Robinson's contention boils down to the proposition that a city street may not be crossed except at an intersection with another street. There is nothing in the ordinance to warrant such construction, and to so construe it would lead to manifestly untenable and even absurd results. It is a matter of common knowledge that city blocks are of varying sizes. Take the following hypothetical case: the front door of a church is on the property line in the exact center of a block 300 ft. long; the package store is in the exact center of the block (also 300 ft. long) on the opposite side of the street which is say 50 ft. wide, and exactly opposite, facing and only 50 ft. from the church door. Under Robinson's contention the distance would be 350 ft. We have not the length of frontage on O. Ave. of the block in which the church is located; but if we assume that it was at least 250 ft., and also assume that the door to the liquor store was on the E (O. Ave.) side of the building 21.5 ft. S of its N E corner, under Robinson's contention his front door would still be 313.5 ft. from the church door; although in fact it would be 43 ft. nearer that door than his present door. We find no warrant in the ordinance for such construction.

Robinson urges the additional point, upon which he cites no authority, that the city is estopped from questioning the validity of his license. The basic supporting facts of such contention are these: In January 1945 he applied for a package store permit, making inquiry at the time of the "proper authorities of the City" as to the distance his front door would be from the church door, and requesting that official measurements be made to determine whether such distance was more than 300 ft. He was then informed that his then front door (location not shown) was within 300 ft. of the church door, but if it were moved to the present location the distance would be more than 300 ft. Accordingly he obtained a building permit from the city building inspector, and had a new front door cut at a cost (including incidental repairs) of $1,000. Thereafter, he again had the distance measured, and obtained a certificate from the building inspector's office "on the proper form for a package store permit" that the location was not prohibited by the charter. Upon this certificate he obtained permits as follows: from the Liquor Control Board for $166.64, and from Dallas County and the city for $83.32 each; these permits expiring August 1, 1945. Thereafter he invested in excess of $4,000 in a stock of liquors, wines and cordials.

The ordinance is plain and unambiguous, and no authority was vested in the city or any of its officials to construe it or to do other than enforce it in accordance with its express terms. The permit was invalid, and could not be made valid by any act of the city or of any of its officials. The city was not estopped to assert its invalidity. See Amarillo v. Stapf, 129 Tex. 81, 101 S.W.2d 229, a Commission opinion adopted by the Supreme Court.

The trial court's judgment is affirmed.

Affirmed.