TEXAS LIQUOR CONTROL BOARD, Appellant,

v.

G. C. REDD, d/b/a Speedy's Drive-In, Appellee.

No. 15073.

Court of Civil Appeals of Texas. Dallas.

Dec. 2, 1955.

Rehearing Denied Jan. 6, 1956.

John Ben Shepperd, Atty. Gen., and Horace Wimberly, Asst. Atty. Gen., for appellant.

Templeton & Gauen, Dallas, for appellee.

DIXON, Chief Justice.

The Texas Liquor Control Board has appealed from a judgment of the District Court setting aside the order of the Board cancelling the beer and wine permit of G. C. Redd, doing business as Speedy's Drive-In, 6573 East Northwest Highway, Dallas, Texas.

The Board's notice to appellee alleged and at a hearing the Administrator found as a fact that appellee, in violation of Art. 667–19(14) and Art. 667–19B(f) of the Penal Code, Vernon's Ann.P.C., (1) had permitted intoxicated persons to remain on his premises on April 8, 1955; (2) had permitted one intoxicated person to remain on his premises on April 10, 1955; and (3) that "the manner in which this permittee conducts his business is of such a nature which, based on the general welfare, health, peace, morals and safety of the people and on the public sense of decency warrants the cancellation or suspension of the permit." On these grounds the permit of appellee was cancelled.

Appellant presents three points on appeal which are sufficiently similar to be considered together. The only question before us is whether there was introduced in the District Court substantial evidence which reasonably supports the Board's order of cancellation. Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198; Texas Liquor Control Board v. Metcalfe, Tex.Civ.App., 256 S.W.2d 117; Glass v. Liquor Control Board, Tex.Civ.App., 267 S.W.2d 897.

Appellee operates his business on leased premises, the dimensions of which are 75 ft. by 100 ft. The building on the premises extends back to a line about four feet from the rear property line. However back of appellee's premises is a vacant lot which is much used by his customers for parking their automobiles. He caters to both white and colored customers, a front room being used chiefly by white customers and a back room chiefly by colored customers. Immediately east of appellee's premises is a vacant lot, next to the lot is a liquor store, and next to the liquor store is another tavern. Immediately west of appellee's premises is a vacant lot, next another liquor store, and then another tavern.

At the trial in the District Court the entire proceedings at the hearing before the Administrator were introduced in evidence without objection. These included affidavits by police officers J. A. Putman and G. H. Reed to the effect that on April 8, 1955 at about 10:45 P.M. they entered Speedy's Drive-In, found appellee present and in charge; that upon entering they found a man named Jennings present and in an intoxicated condition; that his breath was alcoholic, his speech slurred, and he staggered when he walked. The affidavits further stated that three other persons, whose names were stated, were found present and in an intoxicated condition on the licensed premises.

In other affidavits the same two officers stated that on April 10, 1955, upon parking their car at the rear of Speedy's Drive-In, they saw a man inside who appeared to be intoxicated; that by the time they could get out of the car he was coming out the back door of Speedy's Drive-In; and that his breath was alcoholic, his speech slurred, and he staggered when he walked.

Officer Putman took the witness stand in the District Court trial and testified that on April 8, 1955 he found Jennings inside appellee's tavern in an intoxicated condition, wobbling in his walk, with slurred speech and bloodshot eyes; that he was allowed to wander around inside the building, without anyone doing anything about getting him out. He testified further that on the same evening he found several drunk people in cars parked in the area inside a fence running between Speedy's Drive-In and a liquor store.

Appellee himself testified at both the hearing before the Administrator and at the District Court trial. On cross-examination he admitted that about a year prior to this occasion his permit had been suspended for 21 days for allowing drunk persons to remain on his premises and also for allowing gambling; that sometimes fights occurred at his place, in one of which he or one of his employees had struck a woman over the head with such force as to break or bend a portion of a pistol; and that sometimes when one of his customers was arrested at his place, he helped the customer get out of jail.

One of appellee's employees, a bartender, testified at the hearing before the Administrator that about a year and a half previously he had been arrested for being drunk on the premises, but that "it has been three months since I drank anything to amount to anything at all." At the hearing this witness testified quite positively that he didn't know whether or not George Jennings was drunk on the premises on April 8, 1955. At the trial he testified that he didn't see Jennings drunk on the premises, and if Jennings had been there he would have seen him.

Appellee contended and he produced testimony to the effect that Jennings was not in his place of business on April 8; that the drunk persons in the parked cars were not on his premises; and that the drunk man the officers saw leaving his tavern on April 10, 1955 had just arrived, had been refused a drink, and was leaving in compliance with the bartender's order to get out. The bartender corroborated the last statement.

We are of the opinion that the evidence was insufficient to support the Administrator's finding of the violation of the law alleged to have occurred on April 10, 1955.

However we are of the opinion that the findings as to some if not all of other charges of violations by appellee were supported by the evidence. It is true that the record shows conflicting testimony on the fact issues, but under the substantial evidence rule neither the District Court nor this Court may set aside the Board's order merely because the evidence was conflicting, if there is substantial evidence in reasonable support of the order. State v. Farris, Tex.Civ.App., 239 S.W.2d 419. Since the record contains substantial evidence reasonably supporting the Board's order cancelling appellee's license, we must sustain appellant's points on appeal.

The judgment of the trial court is reversed and judgment is here rendered affirming the Board's action and cancelling appellee's beer and wine permit.