**TEXAS LIQUOR CONTROL BOARD,**
Appellant,

v.

**Angela CERVANTES, Appellee.**
No. 13573.

Court of Civil Appeals of Texas.

San Antonio.

March 9, 1960.

Will Wilson, Atty. Gen., Cecil Commack, Jot Hodges, Jr., Asst. Attys. Gen., for appellant.

Nago L. Alaniz, San Diego, Carl C. Chase, Corpus Christi, for appellee.

BARROW, Justice.

The Texas Liquor Control Board on March 17, 1959, entered an order cancelling the permit issued to Angela Cervantes to sell beer at Angelita's Bar in the City of Freer, Duval County, Texas. She appealed to the District Court and, after hearing the evidence, the court rendered judgment holding void the order of the Board cancelling the permit. Defendant, Texas Liquor Control Board has appealed.

The charges brought against appellee, and upon which the Board acted are: That on or about February 9, 1959, appellee, Angela Cervantes, was visibly intoxicated on the licensed premises, such conduct being offensive to public decency;

and that on or about February 11, 1959, said Angela Cervantes did permit unsanitary conditions to exist upon her licensed premises, which conditions could and should have been prevented by her or her agent in charge, if proper supervision of the premises had been maintained.

The pertinent sections of the Texas Liquor Control Act, Arts. 667–19, and 667–19B, Vernon's Ann.Penal Code, provide as follows:

"Art. 667–19.  Cancellation or suspension of license

"The Board or Administrator may cancel or suspend for a period of time not exceeding sixty (60) days, after notice and hearing, any license or any renewal of such license, upon finding that the licensee has: * * *

"(6).  Does not have running water, such being available, or does not have separate toilets for males and females properly marked and identified, on the licensed premises; or

"(7).  Permitted on the licensed premises any conduct by any person whatsoever that is lewd, immoral or offensive to public decency; or * * *

"(14).  That the place or manner in which the licensee conducts his business is of such a nature which, based on the general welfare, health, peace, morals and safety of the people and on the public sense of decency, warrants the cancellation or suspension of the license; or * * *."

"Art. 667–19B.  Lewd or immoral conduct; conduct offensive to public decency

"For the purposes contemplated by this Act, conduct by any person at a place of business where the sale of beer at retail is authorized that is lewd, immoral, or offensive to public decency is hereby declared to include but not be limited to the following prohibited acts; and it shall be unlawful for any person engaged in the sale of beer at retail, or any agent, servant or employee of said person, to engage in or to permit such conduct on the premises of the Retailer: * * *

"(f).  Becoming intoxicated on licensed premises or permitting any intoxicated person to remain on such premises. * * *

"(i).  Failing or refusing to comply with or failure or refusal to maintain the retail premises in accordance with the health laws of this State or any sanitary laws or with sanitary or health provisions of any city ordinance."

The Act defines "premise" as follows:

" 'Premise' shall mean the grounds as well as all buildings, vehicles, and appurtenances pertaining thereto and shall also include any adjacent premises, if directly or indirectly under the control of the same person; * * *." Vernon's Ann.Civ.St. art. 666-3a(7).

This is a substantial evidence case. Appellant contends that the trial court erred in reversing and holding void the order of the Board cancelling the beer retail license of appellee, Angela Cervantes, because the order of the Board is supported by substantial evidence.  We agree with that contention.

■ It is now well established that on an appeal from the orders of an administrative agency, such as the Texas Liquor Control Board, under a statute providing for a trial de novo, the decision of the agency will be sustained if it is reasonably supported by substantial evidence; meaning evidence introduced in court.  Hawkins v. Texas Co., 146 Tex. 511, 209 S.W.2d 338; Trapp v. Shell Oil Co., 145 Tex. 323, 198 S.W.2d 424; Thomas v. Stanolind Oil & Gas Co., 145 Tex. 270, 198 S.W.2d 420.

■ In determining what constitutes "substantial evidence" the Supreme Court

in Railroad Commission v. Shell Oil Co., 139 Tex. 66, 161 S.W.2d 1022, 1029, has laid down the rules which govern such cases in the following statement:

"In such a case the issue is not whether or not the agency came to the proper fact conclusion on the basis of conflicting evidence, but whether or not it acted arbitrarily and without regard to the facts. Hence it is generally recognized that where the order of the agency under attack involves the exercise of the sound judgment and discretion of the agency in a matter committed to it by the Legislature, the court will sustain the order if the action of the agency in reaching such conclusion is reasonably supported by substantial evidence. This does not mean that a mere scintilla of evidence will suffice, nor does it mean that the court is bound to select the testimony of one side, with absolute blindness, to that introduced by the other. After all, the court is to render justice in the case. The record is to be considered as a whole, and it is for the court to determine what constitutes substantial evidence. The court is not to substitute its discretion for that committed to the agency by the Legislature, but is to sustain the agency if it is reasonably supported by substantial evidence before the court. If the evidence as a whole is such that reasonable minds could not have reached the conclusion that the agency must have reached in order to justify its action, then the order must be set aside."

With the rules in mind, we consider the facts in the case. Constable Reese Hughes testified that he arrested Mrs. Cervantes twice on February 9th. She was drunk on both occasions. The last arrest took place at her place of business, the premises in question. She resisted arrest. She was first arrested for disturbing the peace at Matias Rangel's residence, between 1:00 and 1:30 in the morning. In the afternoon

she was arrested on a warrant issued on a complaint charging her with an assault on Matias Rangel with a knife. In the afternoon of February 11, 1959, Inspectors Joe L. Mitchell and Dave R. Cowsert inspected appellee's place of business in their official capacity as inspectors of appellant. They found, upon entering the place, that it had a bad odor. There was dirty water standing on the floor, which evidently had been there for some time. It was described as "stagnant", "greasy water", and had "scum on it". Both commodes were dirty. One of them was completely full. It had not been flushed for some time, but had been used. It was full of human waste, dirt and dust were all over the place, and roaches were crawling all over the kitchen area. They found that some person had had a bowel movement on the floor near the front door.

Appellee denied the material facts testified to by the above mentioned witnesses, and she was corroborated by her employee Basilio Mendez and also by another employee, Adan Acevedo. Thus presenting a conflict in the testimony.

Under the substantial evidence rule the burden of proof is on the party attacking the order to show that it is invalid. Such orders are not only made prima facie valid by statute, but being official acts there is a presumption in favor of their legality. Texas Liquor Control Board v. McGee, Tex.Civ.App., 314 S.W.2d 678; Texas Liquor Control Board v. Marine Exchange Social Club, Tex.Civ.App., 127 S.W.2d 967. Under the substantial evidence rule neither the District Court nor this Court may set aside the Board's order merely because the evidence is conflicting, if there is substantial evidence in reasonable support of the order. Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198; Texas Liquor Control Board v. Redd, Tex.Civ.App., 285 S.W.2d 400.

The evidence adduced before the District Court is substantial evidence and

reasonably supports the order of the Board. The judgment of the trial court is, therefore, reversed and judgment rendered affirming the order of the Texas Liquor Control Board cancelling appellee's Beer Retail License No. 181781.