Arnold J. VROCHER et al., Appellants,

v.

TEXAS LIQUOR CONTROL BOARD, Appellee.

No. 15960.

Court of Civil Appeals of Texas.

Dallas.

Sept. 29, 1961.

Rehearing Denied Oct. 27, 1961.

Wm. Andress, Jr., Dallas, for appellants.

Will Wilson, Atty. Gen., Norman V. Suarez, John E. Leonarz, Assts. Atty. Gen., for appellee.

DIXON, Chief Justice.

This is an appeal from a District Court judgment upholding an order of the County Judge of Dallas County, Texas, refusing the joint application of Arnold J. Vrocher and Oscar Dunston for a retailer's beer license for the year 1961 as operators of a drive-in restaurant located at 2006 North Industrial Boulevard in the City of Dallas.

For four years prior to 1961 Vrocher alone had held a beer license for the premises in question. His last license expired November 7, 1960, but he forgot to apply for a renewal license within the time required by the statute, Art. 667–7 of the Penal Code. Therefore in order to obtain a license it was necessary for him to apply for a new or original license pursuant to Art. 667–5 of the Penal Code. After hearing evidence the County Judge made a statement to the effect that the application should have been made in the name of Vrocher and Dunston as partners, not in the name of Vrocher alone. Vrocher's application was refused. *No appeal was taken from the order.*

Thereafter Vrocher and Dunston jointly filed an application as partners in the operation of the cafe. The testimony showed that there had been no change in the status of the parties since the previous hearing. At this second hearing the attorney for the Liquor Control Board recommended that the second application should also be refused because Vrocher had made a false statement in the previous application when he had said he was the sole proprietor of the restaurant. The County Judge took the matter under advisement and some time later made an order refusing the second application—the joint application of Vrocher and Dunston. From the latter order an appeal was taken to the District Court.

Practically all the testimony at the trial in the District Court was concerned with the issue as to whether the restaurant was operated by Vrocher alone as sole proprietor, or was owned and operated by Vrocher and Dunston as partners. The trial judge made extensive findings of fact which in part were as follows: (1) Vrocher has been lessee of the premises at 2006 North Industrial Boulevard under a written lease from Vincent Tuminello dated October 13, 1956 and terminating August 31, 1962; (2) at all times during his occupancy Vrocher had wine and beer retail permits; (4) fire insurance had been issued in his name, and (5) all utilities had originally been contracted for in his name, and the gas and water are still in his name, but sometime in 1959 or 1960 Oscar Dunston had the telephone and electricity put in his name; (8) Oscar Dunston has operated the cafe as manager under an oral agreement with Vrocher for a percentage of the profits, but was not to bear any losses, and the agreement was terminable at any time; (9) Dunston has the entire management of the cafe, making necessary purchases, including beer for cash, and hiring and firing employees, but Vrocher sometimes makes suggestions about employees, discussing them with Dunston in person or by telephone about twice a week; (10) since Dunston has been manager Vrocher had made and paid for improvements, the work being superintended by Dunston; (11) Dunston does not now claim any interest or partnership in the business; (12) Vrocher overlooked renewing his wine and beer retail permit which expired November 7, 1960 by failing to make application for such renewal in proper

time, and was therefore required to make an application for a new permit; (13) the new application for wine and beer retail permit made by Vrocher individually was made in the same manner as the prior application upon which he had such permits for approximately four years; (14) at the time of the first hearing before the County Judge neither the Liquor Control Board nor the Police Department made any protest in open court, and the operation has at all times been conducted in a respectable and decent manner; (15) however, at the hearing the attorney for Tuminello, Vrocher's landlord, contended that Vrocher was not sole owner, but that Dunston had an interest therein; (16) Tuminello, the landlord, has tried on another occasion to break the lease on the premises; (17) the County Judge denied the application of Arnold J. Vrocher alone and said that the application should have been in a partnership form by Vrocher and Dunston; this denial by the County Judge took place in November 1960, and no appeal was taken from such ruling; (18) thereafter Vrocher and Dunston made a new application jointly, being the application involved in this appeal; (19) at the hearing on the joint application the County Judge was advised that the application should be refused; on December 27, 1960 the County Judge denied the joint application of Vrocher and Dunston because of a false representation, and the appeal to the District Court followed.

The testimony showed that the withholding taxes and unemployment taxes are made out in the name of Dunston alone. The business is operated under the name of "Oscar's".

The trial court reached conclusions of law as follows: (1) there was some evidence from which the County Judge could have concluded that Oscar Dunston owned the business or had some interest in the restaurant, and that the restaurant was not the sole proprietorship of Vrocher; (2) the evidence was conflicting on the issue; and (3) the District Court should not substitute its judgment in the matter for the County Judge.

Judgment was entered sustaining the order of the County Judge refusing to approve the joint application of Vrocher and Dunston.

## Opinion

In five points on appeal appellants allege that (1) when appellants, at the instruction of the County Judge, filed a joint application for a beer license for a cafe operation which they both considered to be a sole proprietorship, the statements in the prior sole proprietorship applications were not false statements justifying denial of the joint license; (2) statements in prior applications that a business was a sole proprietorship, even if erroneous conclusions of law, were not such false statements as to mandatorily require refusal of the joint application filed for the same operations at the County Judge's suggestions after he had held the operation to be a joint one; (3) the legal conclusion by an applicant for a beer license that his business was a sole proprietorship does not become a false statement because the County Judge erroneously concludes that it is a joint venture or partnership; (4) the County Judge's holding that refusal of a joint beer license was mandatory for false statements that operation was a sole proprietorship in the prior applications, there being no other objections or basis for refusal of the license, was arbitrary, capricious and wrong as a matter of law, and therefore reversible as an abuse of discretion; and (5) applicants for beer license who overlooked renewing former license, who had continuously operated a cafe under license for four years without complaint or violation of the Liquor Control Act or record of Police calls, where applicants also had licenses at other locations without blemish, should not be refused license on sole ground that the County Judge viewed their former operation as joint, which operation they had considered and still do consider a sole proprietorship and management contract, the

County Judge construing their version of its legal effect to be a false statement compelling him to refuse their application.

In reply to the above five points, appellee presents two counterpoints in which it is alleged that the judgment of the trial court is correct since (1) appellants Vrocher and Dunston failed to discharge their burden of proof in showing that the order of the County Judge was not supported by substantial evidence or was arbitrary, or illegal; and (2) the order of the County Judge was supported by substantial evidence introduced in the trial court, and was not arbitrary or illegal.

The case presents several unusual features. For one thing appellants contend, and they insist that the undisputed evidence shows, that they were not at the time of the trial and had not ever been partners or joint enterprisers, but that their relationship is and always has been that of employer and employee, with Vrocher as sole proprietor and employer and Dunston as employee. If appellants are correct in their contention it follows that the County Judge properly refused to grant them the license, for certainly they are not entitled to a license as partners if one of them is the sole proprietor and the other is merely an employee.

Appellants now say that the County Judge was in error when he refused the application of Vrocher as sole proprietor, giving as a reason his opinion that the cafe was operated as a partnership between Vrocher and Dunston. However, no appeal was taken from the order refusing Vrocher's application. The only appeal before us is from the later order refusing the joint application of Vrocher and Dunston.

The order of the County Judge refusing the joint application of Vrocher and Dunston, from which order the appeal was taken to the District Court, and thence to this Court, was not offered in evidence in the District Court, and is not shown anywhere in the record before us.

In their brief appellants say, "Essentially this is a renewal of permits held at the same location for four years by Arnold J. Vrocher individually * * *." The basis for this statement is the testimony of Vrocher that for four years he had operated the restaurant with beer permits each year, but that through oversight he failed to make application for the 1961 renewal license in time, so made a brand new application for a permit.

We are unable to agree with appellants' statement that this is essentially an application for the renewal of beer permits. We must hold to the contrary for these reasons: (1) from the legal standpoint when a licensee fails to apply in time for the renewal of his beer permit his permit expires under its own terms after one year, Art. 667–7 of the Penal Code of Texas; (2) having failed to renew his license, Vrocher had to begin over again and file an application for an original license as provided in Art. 667–5 of the Penal Code; (3) the procedure for obtaining a renewal license pursuant to Art. 667–7 of the Penal Code is quite different from the procedure to obtain a new or original license as required by Art. 667–5 of the Penal Code.

The procedure for obtaining a renewal of an existing license is comparatively simple. The application for renewal is presented to the County Tax Assessor and Collector, and is forwarded by that officer to the State Liquor Control Board. Unless the application for renewal is rejected by the State Liquor Control Board, no hearing before the County Judge is required. On the other hand, the procedure for obtaining a new or original license requires a much fuller statement in the application, a notice to the public, and a hearing before the County Judge. It is unfortunate for Vrocher that he failed to renew his old license. Nevertheless, it is now necessary for us to apply the standards laid down by legislative enactment for the issuance of a new original license, not the standards for the issuance of a renewal license.

We agree with appellee that the burden was on appellants Vrocher and Dunston to prove that the order of the County Judge refusing their license was not supported by substantial evidence. Hernandez v. The Texas Liquor Control Board, Tex.Civ.App., 317 S.W.2d 552; Texas Liquor Control Board v. Armstrong, Tex.Civ. App., 300 S.W.2d 146; State v. Peeler, Tex. Civ.App., 200 S.W.2d 874. It is the evidence introduced in the District Court, not that which was introduced before the County Judge or the Liquor Control Board, to which we must look in determining whether appellants failed to discharge their burden. Texas Liquor Control Board v. Luke, Tex. Civ.App., 340 S.W.2d 504; Texas Liquor Control Board v. Metcalf, Tex.Civ.App., 256 S.W.2d 117; Sikes v. Texas Liquor Control Board, Tex.Civ.App., 243 S.W.2d 395; Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198.

Art. 667–5, subd. 2 provides that the County Judge *shall* refuse an application for a beer license if he has reasonable grounds to believe and finds certain things to be true. The statute then lists eight grounds on which, if one of them exists, the County Judge must refuse a license.

Art. 667–5, subd. 3 provides that the County Judge *may* refuse a license if he has reasonable grounds to believe and finds certain things to be true. The statute then lists sixteen grounds on which, if any one of them exists, the County Judge may refuse a license.

Since the burden was on appellants in the District Court to show by evidence introduced in the District Court that the order of the County Judge was not supported by substantial evidence, it was necessary for appellants to negative every one of the statutory grounds upon which the County Judge was required to refuse a license, or upon which he might have refused a license. This appellants failed to do.

Neither the first application by Vrocher alone, nor the second application by Vrocher and Dunston jointly was offered in evidence and neither of them is shown anywhere in the record. Neither the first order of the County Judge refusing the application of Vrocher alone (from which order no appeal was taken) nor the second order refusing the application of Vrocher and Dunston jointly (from which order an appeal was taken) was offered in evidence and neither of them is shown anywhere in the record.

True, the trial court found that the County Judge refused the order because he considered that Vrocher had made a false statement in his first application concerning the ownership of the restaurant. But was this the only ground on which the application was refused? Appellants have failed to prove that it was.

The trial judge did find that the new application for wine and beer permit made by Vrocher individually was made in the same manner as prior applications upon which he had permits for approximately four years. Doubtless this finding means that the applications were made in the same manner only with reference to the ownership of the restaurant. Certainly the court could not have meant the applications were otherwise made in the same manner, for the earlier applications were for renewal of the license, whereas the last application by Vrocher individually was for a new original license.

The evidence in the District Court fails to show whether Vrocher or Dunston was finally convicted of a felony during the two years next preceding the filing of their application (Art. 667–5, subd. 2(f); or whether they have been finally convicted in a court of competent jurisdiction for the violation of the Texas Liquor Control Act. (Art. 667–5, subd. 3(a); or whether they have failed to answer or falsely answered questions in their application (Art. 667–5, subd. 3(d) (the application was not intro-

duced in evidence); or whether Tuminello, their landlord, has a license to manufacture or distribute beer (Art. 667–5, subd. 3(p). There is no testimony in regard to these and other grounds listed in the statute upon which a refusal may be based. Appellants have failed to discharge their burden.

As we earlier pointed out, appellants undertook to show in the District Court that the operation of the restaurant is not and was not a partnership operation of Vrocher and Dunston. They both insist that it has always been operated as a sole proprietorship by Vrocher. They claim that the undisputed evidence so shows. If they are correct they should have appealed from the order of the County Judge refusing Vrocher's application as sole proprietor. And if the undisputed evidence establishes that they were not joint owners and operators, as they now claim, then they should not now be granted a license on their application wherein they assert that they were joint owners and operators.

 Appellants say that the issue of ownership, that is, whether the operation was that of a partnership, is simply a law question. We do not agree. Though most of the evidence is uncontradicted it was offered by interested parties. Intention is one of the many factors to be considered in deciding whether a partnership in fact exists. Lovell v. Lovell, Tex.Civ.App., 202 S.W.2d 291; Luling Oil & Gas Co. v. Humble Oil & Refining Co., 144 Tex. 475, 191 S.W.2d 716. The intention of the parties is to be determined from all the surrounding circumstances, not alone from the claims of the parties. In this case the trial judge concluded that the evidence as to the true and sole ownership of the restaurant was conflicting. Conflicts in evidence must be in favor of the upholding of an order of an administrative agency. Texas Liquor Control Board v. Redd, Tex.Civ.App., 285 S.W.2d 400; State v. Farris, 239 S.W.2d 419; Texas Liquor Control Board v. Jones, Tex.Civ.App., 112 S.W.2d 227; Texas Liq-

uor Control Board v. Floyd, Tex.Civ.App., 117 S.W.2d 530.

Appellants' five points on appeal are overruled. Appellee's two counterpoints are sustained.

The judgment of the trial court is affirmed.