**TEXAS LIQUOR CONTROL BOARD, Appellant,**

v.

**Minerva Alanis PENNINGTON, Appellee.**

**No. 15127.**

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Dec. 28, 1967.

Rehearing Denied Jan. 25, 1968.

Crawford C. Martin, Atty. Gen., George M. Cowden, First Asst. Atty. Gen., A. J. Carubbi, Jr., Staff Legal Asst. Atty. Gen., R. L. Lattimore, Douglas H. Chilton, Asst. Attys. Gen., Austin, for appellant.

Charles M. Leftwich, Houston, for appellee.

COLEMAN, Justice.

This is an appeal from a judgment setting aside an order of the Administrator of the Texas Liquor Control Board cancelling appellee's wine and beer permit.

 The case was tried de novo in the District Court under the substantial evidence rule. It is the duty of this Court to determine whether the order is supported by substantial evidence. In determining that question, the test has been announced in Railroad Commission v. Shell Oil Company, 139 Tex. 66, 161 S.W.2d 1022 (1942): "If the evidence as a whole is such that reasonable minds could not have reached the conclusion that the agency must have reached in order to justify its action, then the order must be set aside."

In Texas Liquor Control Board v. Cervantes, 333 S.W.2d 466 (Tex.Civ.App., San Antonio 1960, n.w.h.), the court stated:

"Under the substantial evidence rule neither the District Court nor this Court may set aside the Board's order merely because the evidence is conflicting, if there is substantial evidence in reasonable support of the order. Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198; Texas Liquor Control Board v. Redd, Tex.Civ.App., 285 S.W.2d 400."

Vernon's Annotated Penal Code, Article 667–19, subd. A. provides as follows:

"The Board or Administrator may cancel or suspend for a period of time not exceeding sixty (60) days, after notice and hearing, any license or any renewal of such license, upon finding that the licensee has:

"(16). Consumed or permitted the consumption of alcoholic beverages on the licensed premises during any time when such consumption is prohibited as provided in Section 4(c) of Article I of the Texas Liquor Control Act; * * *"

Article 1, § 4(c) of the Texas Liquor Control Act [Vernon's Ann.P.C., Art. 666–4(c)] provides:

"(1) It shall be unlawful for any person to consume any alcoholic beverage in any public place, or for any person to possess any alcoholic beverage in any public place for the purpose of consuming same in such public place, at any time on Sunday between the hours of 1:15 a.m. and 1:00 o'clock p.m. * * *"

Inspector McCarver of the Texas Liquor Control Board testified that on Sunday morning about 1:35 or 1:40 a.m. he and Inspector Cooper returned to Minerva's Groceries and Cafe after a previous after-hours visit. They saw five or six cars in front of the place and could hear noises coming from inside although the outside lights were off. He looked through the clear border of a stained glass window at the side of the establishment and saw two men playing pool and two men sitting at the bar with the licensee. He observed each one of them consume something from white styrofoam cups. Finally he saw one of the men walk behind the bar and take a Falstaff beer out of a cooler. He saw him open it and pour the contents into one of the cups. This man then seated himself and began drinking from the cup. He then went in and smelled and tasted each of the cups. He testified that each of the cups contained beer. This testimony was clear and positive. Much of it was not directly denied. It alone constitutes substantial evidence reasonably supporting the order of the Administrator.

The trial court erred in setting aside the order of the Texas Liquor Control Board of February 28, 1967, cancelling the wine and beer retail permit License No. 184587 issued to Minerva Alanis Dodd, Minerva's Groceries and Cafe, of Monaville, County of Waller, State of Texas.

The judgment of the Trial Court is reversed and judgment is here rendered that said order be reinstated and that Minerva Alanis Pennington take nothing by her suit.

Reversed and rendered.

PEDEN, J., not participating.