Joe EZZELL, d/b/a Ezze Mart, Appellant,

v.

TEXAS ALCOHOLIC BEVERAGE COMMISSION et al., Appellees.

No. 17669.

Court of Civil Appeals of Texas, Fort Worth.

Oct. 10, 1975.

Rehearing Denied Oct. 31, 1975.

Titus T. Mitchell, Wichita Falls, for appellant.

John L. Hill, Atty. Gen., Austin, for appellee, Texas Alcoholic Beverage Commission (No brief filed).

Charles A. Finnell, Wichita Falls, for appellee, Trinity Baptist Church.

Vaughan, Gilliland, Cates & Rowton, and James M. Beggs, Dallas, for amicus curiae, Texas Alcohol Narcotics Education, Inc.

## OPINION

BREWSTER, Justice.

Joe Ezzell, d/b/a Ezze Mart, made an application for a wine and beer off-premises permit. The premises where the wine and beer were to be sold are located in the City of Wichita Falls, Texas. The neighboring Trinity Baptist Church contested Ezzell's application. The County Judge of Wichita County entered an order denying the application. The applicant then appealed to the District Court which also denied the application. The District Court decree stated: "The Court . . . finds that there was and is substantial evidence to support the finding of the County Court, and that the Application should be Denied because of the general welfare, health, peace, morals and safety of the people and on the public sense of decency. This Court further finds that the evidence shows that the proposed premises would be located within 300 feet of the Trinity Baptist Church."

The District Court decree was based on these two reasons. This appeal is from the decree of the District Court.

We affirm.

The appellant's first point of error is that the trial court erred in finding that the Trinity Baptist Church was within 300 feet of the proposed location of the business that

was to have this wine and beer retailers off-premises permit.

We overrule that point.

■ In considering and acting on applications for licenses such as the one involved here the County Judge and the Alcoholic Beverage Commission (formerly the Liquor Control Board) are performing an administrative function. *Stone v. Texas Liquor Control Board,* 417 S.W.2d 385 (Tex.1967), and *State v. Bush,* 151 Tex. 606, 253 S.W.2d 269 (1952).

The statute involved is Article 666–25a, Penal Code (Texas Liquor Control Act) which reads as follows:

"The Commissioners' Court of any county in the territory thereof outside incorporated cities and towns and the governing authorities of any city or town within the corporate limits of any such city or town may prohibit the sale of alcoholic beverages by any dealer where the place of business of any such dealer is within three hundred (300) feet of any church, public school or public hospital, the measurements to be along the property lines of the street fronts and from front door to front door and in direct line across intersections where they occur."

■ The statute just referred to is merely an enabling statute. Before it would become unlawful to sell alcoholic beverages from a business located within 300 feet of a church within the city limits of Wichita Falls it was necessary for the Wichita Falls City Council to enact an ordinance prohibiting such sales.

During the District Court trial involved here, no evidence was introduced by anyone relating to the issue of whether or not, prior to the time the permit was denied, the City Council of Wichita Falls had enacted an ordinance such as the one referred to in the last paragraph. The appellant did not offer any evidence to show that the City Council had not enacted such an ordinance and no evidence was offered by anyone tending to show that such an ordinance had been enacted by the City.

If the City Council of Wichita Falls had enacted such an ordinance and if the distance from the front door of the proposed store building for which the permit was sought to the front door of the neighboring Trinity Baptist Church, when measured in the manner provided for in the statute, was less than 300 feet, then the administrative Board's order denying the permit would have been proper on that ground alone.

■ Courts do not take judicial notice of city ordinances. They must be proved up during a trial like other facts. See 23 Tex. Jur.2d 31, Evidence, Sec. 12.

Quite a bit of the evidence that was introduced during the District Court trial was on the issue of determining whether or not the front door of the Church was located less than 300 feet from the front door of the building from which the wine and beer were to be sold. The record makes it appear that all parties involved just assumed, without making proof thereof, that Wichita Falls had an ordinance in effect that prohibited the issuance of the permit if the distance between the two doors is less than 300 feet.

The following plat shows the location of the store building where the permit was to be used with reference to the location of the neighboring Trinity Baptist Church and the measurements of the distances that are involved.

North↑

JACKSBORO HIGHWAY

TRINITY BAPTIST CHURCH

door A

CHRISTINE St.

STORE

FRONT DOOR

PERMIT SOUGHT was for WINE & BEER to BE SOLD FROM this BUILDING

■ To determine the distance from the front door of the Church to the front door of the store involved wherein the beer and wine were to be sold the trial court held that you should measure from point A on the plat to point B (the property line of the street front) which was a distance of 68 feet 5 inches; then measure north along the property line to point C which point is the nearest point on Christine Street to the door of the store (a distance of 56 feet 9 inches); then measure from point C in a straight line to the door of the store, which is point D on the plat and which last measurement is 89 feet. The distance from Church door to store door, when the distance is figured in the manner above indicated, is 214 feet and 2 inches.

The appellant contends that when the distances from door to door are measured as provided for in the statute you go from point A (the Church door) to point B (property line) 68 feet 5 inches; then measure from point B to point E on the plat (111 feet); then go along the property line of the street front from point E to point F (directly in front of the store door) a distance of 89 feet; and then measure from point F to point D (the store door) a distance of 40 feet 3 inches. When these measurements are added the distance is 308 feet and 8 inches. We disagree with appellant's contention.

We hold that the measurement of 214 feet and 2 inches, as found by the trial court, is correct. The manner of measuring

that distance that was approved by the trial court is the manner provided for by the statute for making such measurements. See *Robinson v. City of Dallas,* 193 S.W.2d 821 (Austin Tex.Civ.App., 1946, writ ref.) so holding. The hypothetical case referred to in that opinion illustrates the fact that absurd results could result from measuring the distances in the manner suggested by appellant.

The record made during the District Court trial thus shows that the distance from Church door to store door, when measured as provided for by the statute, is less than 300 feet.

If the City Council of Wichita Falls had, prior to the entry of the order denying the permit, enacted an ordinance (as authorized by the statute) prohibiting the sale of alcoholic beverages in any business that is located within 300 feet of a church, then the County Judge's order denying the permit would be valid on that ground alone.

This brings us down to this question: Who had the responsibility or burden at the District Court trial of proving whether the City Council had or had not enacted an ordinance, prior to the entry of the administrative order appealed from, prohibiting the sale of alcoholic beverages in any business that is located within 300 feet of a church?

■ This appeal is governed by the substantial evidence rule. *Texas Liquor Control Board v. Cervantes,* 333 S.W.2d 466 (San Antonio Tex.Civ.App., 1960, no writ hist.). The administrative order appealed from is prima facie valid and is presumed to be a legal and valid order. *Texas Liquor Control Board v. Cervantes,* supra; *Gibraltar Savings & Loan Association v. Falkner,* 371 S.W.2d 548 (Tex.1963); and 33 T.L.R. 722.

■ The burden of proof on the appeal to the District Court is upon the one attacking the administrative order to show that it is invalid. *Texas Liquor Control Board v. Cervantes,* supra; *Gibraltar Savings and Loan Association v. Falkner,* supra; *Rodg-*

*ers v. Texas Liquor Control Board,* 449 S.W.2d 292 (Corpus Christi Tex.Civ.App., 1970, no writ hist.); *Board of Firemen's Relief & Retirement Fund Trustees v. Marks,* 150 Tex. 433, 242 S.W.2d 181 (1951); and *Korndorffer v. Texas State Board of Medical Examiners,* 448 S.W.2d 819 (Houston 14th Dist., Tex.Civ.App., 1969, rev. in part and aff. in part in Tex., 460 S.W.2d 879).

■ Since the administrative order appealed from is presumed to be a legal and valid order, if neither party to the appeal to the District Court introduces any evidence the administrative order must be upheld, because the presumption in its favor has not been overcome. *Korndorffer v. Texas State Board of Medical Examiners,* supra, and *Cook Drilling Co. v. Gulf Oil Corp.,* 139 Tex. 80, 161 S.W.2d 1035 (1942).

■ We hold that the burden in this case was upon appellant, the person seeking to set aside the administrative order being appealed from, to introduce evidence at the District Court trial showing that the City Council of Wichita Falls had not, prior to the denial of the permit, enacted an ordinance prohibiting the sale of alcoholic beverages from a building that was located within 300 feet of the front door of a church.

If appellant had proved that the City Council had not enacted such an ordinance, there would then have been no valid basis for denying the permit because of the mere fact that it would authorize the sale of alcoholic beverages within 300 feet of a church.

Since appellant did not meet his burden of thus proving that the order appealed from was invalid, the presumption that the order being appealed from is valid and legal must prevail, and we must affirm the case. The situation is the same as if no evidence at all had been introduced by either party at the District Court trial. Evidence was introduced on one element showing that the Church and store were less than 300 feet

apart, but no evidence was introduced on the other element of whether or not the City Council had passed the ordinance referred to. Since there was no proof that such an ordinance had not been enacted, we must presume that the order appealed from is valid.

A case very closely in point is the case of *Vrocher v. Texas Liquor Control Board*, 350 S.W.2d 349 (Dallas Tex.Civ.App., 1961, no writ hist.). The appellant there had applied for a retail beer license and the County Judge had denied the application. The District Court upheld the County Judge's order. The following is from the opinion in that case at page 353: "Since the burden was on appellants in the District Court to show by evidence introduced in the District Court that the order of the County Judge was not supported by substantial evidence, it was necessary for appellants to negative every one of the statutory grounds upon which the County Judge was required to refuse a license, *or upon which he might have refused a license.* This appellants failed to do." (Emphasis added.)

When the rules announced in the *Vrocher* case and in the other cases above cited are applied to the case before us, we are required to affirm the order here appealed from.

This is true because one ground upon which the County Judge could have properly denied the application is (1) that the City Council had enacted an ordinance, as they were enabled to do by Art. 666–25a, Penal Code, prohibiting the sale of alcoholic beverages from premises that were located within 300 feet or less of a church, and (2) the premises from which the alcoholic beverage was to be sold under such permit was located less than 300 feet of a church. Under the holdings in the above cases the burden was on appellant here to negative the existence of the grounds upon which the County Judge could have refused to grant the permit. Appellant did not meet that burden.

Appellant urges one other point of error. We overrule that point without discussion because the matters that we have heretofore discussed standing alone make it necessary that we affirm the District Court decree.

Judgment appealed from is affirmed.