OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

March 7, 2002

Ms. Sandy Smith, Executive Director
Texas Board of Professional Land Surveying
7701 North Lamar, Suite 400
Austin, Texas 78752

Opinion No. JC-0475

Re: Authority of the Texas Board of Professional Land Surveying to require that all proposed oil and gas well locations be surveyed by a registered professional land surveyor (RQ-0440-JC)

Dear Ms. Smith:

You ask whether the Texas Board of Professional Land Surveying (the "Board") may require that all proposed well locations submitted to the Texas Railroad Commission be surveyed by a registered professional land surveyor. Rules promulgated by the Railroad Commission (the "Commission") require information about well locations to accompany applications for certain oil and gas well permits, but they do not require that the locations be surveyed by a registered professional land surveyor. The Commission has reasonable discretion to determine what information must accompany permit applications filed under Commission rule. If measurements determined by a less precise method than professional surveying yield enough information for the Commission to implement its rules on oil well permits and oil well spacing, such well locations need not be surveyed.

Your request letter in effect inquires about the present validity of Attorney General Opinion JM-418 issued in 1985 in response to an inquiry from the Board.[1] The Board asked whether a plat of a proposed oil or gas well location submitted to the Commission in applications for permits to drill, deepen, or plug back a well, must be prepared by a registered land surveyor. See Tex. Att'y Gen. Op. No. JM-418 (1985) at 1. The Board in particular inquired about Form W-1, developed by the Commission for operators of oil, gas, or geothermal resource wells to use in applying for various kinds of permits. Commission rules governing applications for permits generally require the application to include a plat showing where the oil or gas well is located. See, e.g., 16 TEX. ADMIN. CODE §§ 3.5 (2001) (application to drill, deepen, re-enter, or plug back); 3.37 (statewide spacing rule); 3.38 (well densities); 3.76 (plat approval for mineral development). A "neat, accurate plat of the lease or unit" showing the drilling unit boundary, the surface location of the proposed site, section, block, or lot, scale, and other information, must accompany Form W-1. See INSTRUCTIONS TO FORM W-1, RAILROAD COMMISSION OF TEXAS, OIL AND GAS DIVISION (2000), available at http://www.rrc.state.tx.us/divisions/og/form-library/ogfrm.html; see also 16 TEX. ADMIN. CODE

---

[1] See Letter from Ms. Sandy Smith, Executive Director, Texas Board of Professional Land Surveying, to Honorable John Cornyn, Texas Attorney General (Aug. 21, 2001) (on file with Opinion Committee).

§ 3.36(d)(2)(B) (2001). The Commission does not define "plat" in its rules, and its use of this term does not suggest that a professional surveyor must make the measurements shown thereon. "Plat" means a "plan or diagram of anything; *esp.* a ground-plan of a building or of any part of the earth's surface; a . . . map [or] chart." XI OXFORD ENGLISH DICTIONARY 993 (2d ed.1989); *see also* Tex. Att'y Gen. Op. No. JM-418 (1985) at 4.

Thus, although you ask whether the Board has authority to require proposed oil and gas well locations to be surveyed by a registered professional land surveyor, your question raises the same legal issues addressed in Attorney General Opinion JM-418. It requires us to review the reasoning of Attorney General Opinion JM-418 in addition to addressing the Board's statutory authority to regulate land surveying.

The Professional Land Surveying Practices Act, TEX. REV. CIV. STAT. ANN. art. 5282c (Vernon Supp. 2002)[2] (the "Act") provides that a person may not engage in the practice of professional surveying unless he or she is certified, registered, or licensed as provided by its provisions. *See id.* § 15(a). The Board is authorized to certify surveyors-in-training, register professional land surveyors, and license state land surveyors. *See id.* §§ 8(a) (meetings to examine approved applicants for certification, registration, or licensing); 15(a) (a person may not practice professional surveying or offer to practice professional surveying unless the person is certified, registered, or licensed as provided by this chapter). A "[l]icensed state land surveyor" is "a surveyor licensed by the Texas Board of Professional Land Surveying to survey land in which the state or the public free school fund has an interest, or other original surveys, for the purpose of filing field notes in the General Land Office." *Id.* § 2(4); *see also id.* § 2(3) (defining "state land surveying"), § 25(a) (jurisdiction of licensed state land surveyors). A county surveyor, elected pursuant to article XVI, section 44 of the Texas Constitution, must also be licensed or registered by the Board. *See* Tex. Att'y Gen. Op. No. MW-541 (1982) at 2; *see also* TEX. CONST. art. XVI, § 44; TEX. REV. CIV. STAT. ANN. art. 5282c, § 25(b) (Vernon Supp. 2002). Your request is limited to surveys by a person "registered by the board as a registered professional land surveyor" whose authority to survey land is defined in section 2(1) of the Act. TEX. REV. CIV. STAT. ANN. art. 5282c, § 2(1), (2).

The Board may discipline licensees and registrants and may impose administrative penalties. *See id.* §§ 23, 23A, 24. In addition to any other action authorized by law, the Board may institute an action in its name against any person to enjoin a violation of the Act or a board rule. *See id.* § 9(b); *see also id.* § 23(c) (criminal penalty for engaging in the practice or offering to practice professional surveying or state land surveying without being registered or licensed). Finally, the Board may adopt "reasonable and necessary rules, regulations and bylaws . . . for the performance of its duties in administering this Act and for the purpose of establishing standards of conduct and ethics for surveyors registered or licensed under this Act." *Id.* § 9(a).

---

[2]The Professional Land Surveying Practices Act, TEX. REV. CIV. STAT. ANN. art. 5282c (Vernon Supp. 2002), will be repealed and reenacted as chapter 1071 of the Occupations Code by legislation effective on June 1, 2003. *See* Act of May 22, 2001, 77th Leg., R.S., ch. 1421, §§ 1, 13, 15, 2001 Tex. Gen. Laws. 4570, 4629, 5020. The enactment is a nonsubstantive revision of statutes on the licensing and regulation of certain professions and businesses. *See id.,* ch. 1421, § 14, 2001 Tex. Gen. Laws. 4570, 5020.

Thus, the Board has authority to regulate as registered professional land surveyors persons who engage in professional surveying as defined by the Act. It has no authority to regulate as registered professional land surveyors those persons whose activities in measuring land do not constitute "professional surveying." *See generally State v. Pub. Util. Comm'n*, 883 S.W.2d 190, 194 (Tex. 1994) (administrative agency, as creation of legislature, has only those powers expressly conferred and those necessary to accomplish duties); *R.R. Comm'n v. Lone Star Gas Co.*, 844 S.W.2d 679 (Tex. 1992) (rules and regulations adopted by an agency must be within clear intent of statutory authority conferred on the agency). The Act defines "professional surveying" to mean

> the practice of land, boundary, or property surveying or other similar professional practices. The term includes any service or work the adequate performance of which involves the application of special knowledge of the principles of geodesy,[3] mathematics, related applied and physical sciences, and relevant laws to the measurement or location of sites, points, lines, angles, elevations, natural features, and existing man-made works in the air, on the surface of the earth, within underground workings, and on the beds of bodies of water for the purpose of determining areas and volumes for:
>
> (A) the location of real property boundaries;
>
> (B) the platting and layout of lands and subdivisions of land; or
>
> (C) the preparation and perpetuation of maps, record plats, field note records, easements, and real property descriptions that represent those surveys. To the extent these services of types of creative work meet this definition, the term includes consultation, investigation, evaluation, analysis, planning, providing an expert surveying opinion or testimony, and mapping.

TEX. REV. CIV. STAT. ANN. art. 5282c, § 2(1) (Vernon Supp. 2002) (footnote added). "This Act does not require the use of a registered land surveyor to establish an easement or a construction estimate

---

[3]"Geodesy" is "a branch of applied mathematics concerned with the determination of the size and shape of the earth and the exact positions of points on its surface and with the description of variations of its gravity field." WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 513 (9th ed. 1990).

which does not involve the monumentation,[4] delineation, or preparation of a metes and bounds[5] description." *See id.* § 3A (footnote added).

The statutory definition of "professional surveying" refers in technical terms to the special body of knowledge used by surveyors in determining areas and volumes for locating real property boundaries, platting and laying out land and subdivisions, and preparing maps and other documentation that represent the surveys. *See id.* § 2(1). A non-statutory definition of "surveying" is phrased in less technical terms and illustrates some of the ways in which surveying is typically used:

> Surveying is the art of using scientific principles to make comparatively large measurements to a required accuracy. Surveying has two basic functions: (1) to measure what exists, to determine where it is located, and usually to prepare a map to show the results of these data from which a plan or a boundary description can be made; and (2) to establish marks to guide construction according to a plan or to show the boundaries according to a description or other data.

26 THE ENCYCLOPEDIA AMERICANA 70 (1976) (defining "surveying"). The use of surveying "extends from measuring property boundaries and making a plot plan for a house to great construction projects like canals, railroads, and highways." *Id.*

If compliance with Commission rules on depicting the location of proposed oil or gas wells requires a person to engage in "professional surveying," that person must be registered by the Board as a professional land surveyor. Attorney General Opinion JM-418 addressed the definition of "public surveying," the statutory predecessor of the definition of "professional surveying." *See* Act of May 23, 1979, 66th Leg., R.S., ch. 597, § 2(1), 1979 Tex. Gen. Laws 1261 (defining "public surveying"), *amended by* Act of May 28, 1989, 71st Leg., R.S., ch. 1091, § 1, 1989 Tex. Gen. Laws 4460, 4461 (defining "professional surveying"). The definition of "public surveying" was briefer and less technical than the definition of "professional surveying" in article 5282c of the Revised Civil Statutes. "Public surveying" was

> the practice for compensation of determining the boundaries or the topography of real property or of delineating routes, spaces, or sites in real property for public or private use by using relevant elements of law, research, measurement, analysis, computation, mapping, and land description writing. Public surveying includes the practice for

---

[4]In the context of surveying law, a "monument" is "[a]ny object, natural or artificial, fixed permanently in the soil and referred to in a document as a means of ascertaining the location of a tract of land or any part of its boundaries." IX OXFORD ENGLISH DICTIONARY 1045 (2d ed. 1989).

[5]"Metes and bounds" are defined as the "boundary lines of land, with their terminal points and angles." *Lefler v. City of Dallas,* 177 S.W.2d 231, 234 (Tex. Civ. App.–Dallas 1943, no writ).

compensation of land, boundary, or property surveying or other similar professional practices.

*See* Act of May 23, 1979, 66th Leg., R.S., ch. 597, § 2(1), 1979 Tex. Gen. Laws 1261.

Attorney General Opinion JM-418 addressed the meaning of "surveying" by looking at the legislature's purpose in regulating surveyors. It concluded that Texas had historically "regulated surveyors to ensure that land would be correctly measured and boundaries correctly determined where a high degree of accuracy is necessary to protect the public in land transactions and to ensure the reliability of land titles." Tex. Att'y Gen. Op. No. JM-418 (1985) at 4. It also concluded that the statutory definition of public surveying did not "encompass all measurements taken within defined boundaries or all graphic representations of those measurements." *Id.*

We find that these two conclusions of Attorney General Opinion JM-418 are consistent with legislative decisions reflected in statutes requiring a survey of land and those authorizing a less exact method of measuring land. Texas statutes require land surveys where great precision in measuring land is necessary, for example, to establish boundaries for political subdivisions, to lay out roads, or to identify property subject to a sale. Surveys of land in which the state or the permanent school fund has an interest must be done by a licensed state land surveyor. *See* TEX. REV. CIV. STAT. ANN. art. 5282c, § 2(4) (Vernon Supp. 2002); *see also* TEX. NAT. RES. CODE ANN. ch. 21 (Vernon 2001) (survey of state's public lands). A survey to establish county boundary lines must be made by "an experienced and competent registered professional land surveyor." TEX. LOC. GOV'T. CODE ANN. § 72.001 (Vernon 1999); *see also* TEX. TRANSP. CODE ANN. §§ 254.009 (Vernon 1999) (survey of county road drainage system), 314.013 (survey of municipal property to be condemned for highway or other proposed improvement). Land surveys of privately owned land are statutorily required in some circumstances. A commissioners court may require "lot and block monumentation" in a subdivision plat to be set by a registered professional surveyor before the plat is recorded. TEX. LOC. GOV'T CODE ANN. § 232.003(9) (Vernon Supp. 2002). A person selling land must provide the purchaser "a survey, which was completed within the past year, or plat of a current survey of the real property," before an executory contract for the sale of land is signed. TEX. PROP. CODE ANN. § 5.069(a)(1) (Vernon Supp. 2002).

Other statutes, however, identify a boundary or property location by relying on land surveys that have already been done and do not require a new survey. *See* TEX. LOC. GOV'T CODE ANN. § 376.044 (Vernon 1999) (territory in Westchase Area Management District described by reference to specific surveys, a recorded deed, and a recorded subdivision plat); TEX. TRANSP. CODE ANN. § 361.134 (Vernon 1999) (real property acquired by Texas Turnpike Authority is to be described by locating boundary line with reference to lot and block lines of recorded subdivisions, or survey lines and corners). Thus, in some circumstances, the legislature has determined that a new site may be located on an existing survey.

The courts have also relied on methods other than surveying to measure land. Where the distance between a liquor store and a church was at issue, the court accepted measurements written on a blueprint map as evidence of the distance. *See Robinson v. City of Dallas*, 193 S.W.2d 821, 822

(Tex. Civ. App.–Austin 1946, writ ref'd); *see also Ezzell v. Tex. Alcoholic Beverage Comm'n*, 528 S.W.2d 888, 891 (Tex. Civ. App.–Fort Worth, 1975, no writ) (handwritten measurements on plat).

We consider the plats of proposed oil and gas well locations that Commission rules require to be filed with the Commission in connection with various permit applications. The rules are issued under the Commission's authority to make and enforce rules to conserve oil and gas and to provide for the issuance of permits where necessary or incident to enforcing rules to prevent waste. *See* TEX. NAT. RES. CODE ANN. §§ 85.201-.202 (Vernon 2001); *see also* 16 TEX. ADMIN. CODE ch. 3 (2001) (Oil and Gas Division). The Board of Professional Land Surveying believes that requiring such plats to be prepared by a registered surveyor would best serve the public interest.

The Commission, however, does not require that a registered surveyor prepare the plats submitted to it. It submitted its reasons for this in connection with Attorney General Opinion JM-418, stating that the position of a new well can be determined by measurement from an existing marker and this location may be recorded on a map based on a prior survey. *See* Tex. Att'y Gen. Op. No. JM-418 (1985) at 1-2. Thus, the plats do not establish boundaries, but measure from existing boundaries. The Commission further explained that the plats submitted with applications "are not used in the chain of title, but enable Commission staff to determine if the proposed well location complies with the Commission's spacing rules. Once the application is approved, the Commission's mapping section plots the proposed well on the county maps in the map room." *Id.* at 2. Computerized maps are now used for this purpose. *See* http://www.rrc.state.tx.us./divisions/og/maps/mapinfo.html. On occasion, "the exact location of a well may become a pivotal issue in a contested case. The parties usually resort to a certified plat to settle this fact issue." Tex. Att'y Gen. Op. No. JM-418 (1985) at 2.

The Legislature has granted the Commission broad discretion in administering laws regulating oil and natural gas. *See R.R. Comm'n v. Lone Star Gas Co.*, 844 S.W.2d 679, 686 (Tex. 1992). The Commission has issued rules under its statutory authority to prevent waste of oil and gas resources, and pursuant to these rules, it requires plats of well locations to accompany specific permit applications. It is within the Commission's reasonable discretion to determine what information it needs to carry out its authority to prevent waste and to implement the rules it has issued for this purpose. *See Stewart v. Humble Oil & Refining Co.*, 377 S.W.2d 830, 832 (Tex. 1964) (question as to proper location of oil well is for the Railroad Commission as an administrative body, not for the courts). The Commission has apparently decided that measurements determined by some means other than professional surveying yield enough information for it to implement its rules on oil well permits and oil well spacing. As we have pointed out, certain Texas statutes identify boundaries or property locations by reference to existing land surveys, and we do not believe that a court would find that the Railroad Commission has abused its discretion by accepting plats that also use the method. We accordingly conclude that compliance with Railroad Commission rules on depicting the location of proposed oil or gas wells does not require the work of a "professional survey," and it need not be performed by a professional land surveyor registered by the Board. We affirm Attorney General Opinion JM-418 (1985).

## S U M M A R Y

The Texas Board of Professional Land Surveying is authorized to regulate persons who engage in surveying as defined by the Professional Land Surveying Practices Act, article 5282c of the Revised Civil Statutes. *See* TEX. REV. CIV. STAT. ANN. art. 5282c (Vernon Supp. 2002). The Railroad Commission has promulgated rules requiring plats showing well locations to accompany applications for certain oil and gas well permits, but the rules do not require that the locations be surveyed by a registered professional land surveyor. The Commission has reasonable discretion to determine what information must accompany permit applications filed under Commission rule. If plats showing well locations determined by a less precise method than professional surveying yield enough information for the Commission to implement its rules, the well locations need not be surveyed. We affirm Attorney General Opinion JM-0418 (1985).

Yours very truly,

JOHN CORNYN
Attorney General of Texas


HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee